| | |
|---|---|
| 1 | JOHN L. HOSACK, ESQ. (Cal. State Bar No. 42876) |
|   | BENJAMIN S. SEIGEL, ESQ. (Cal. State Bar No. 59992) |
| 2 | JEFFREY K. GARFINKLE, ESQ. (Cal. State Bar No. 153496) |
|   | BUCHALTER NEMER |
| 3 | A Professional Corporation |
|   | 1000 Wilshire Boulevard, Suite 1500 |
| 4 | Los Angeles, CA  90017-2457 |
|   | Telephone: (213) 891-0700 |
| 5 | Facsimile: (213) 896-0400 |

Attorneys for Defendant DORENE M. BREE, individually and in her representative capacity

### UNITED STATES BANKRUPTCY COURT

### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 04-00769-PB11 |
| NORTH PLAZA, LLC, | Chapter 11 |
| Debtor. | Adversary No. 08-90035-PB |
| DYNAMIC FINANCE CORPORATION, a California corporation, | **DEFENDANT DORENE M. BREE'S ANSWER TO COMPLAINT** |
| Plaintiff, | |
| v. | |
| RICHARD KIPPERMAN, in his capacity as Trustee for North Plaza LLC, DORENE M. BREE, individually and in her representative capacity, | |
| Defendants. | |

TO THE HONORABLE PETER BOWIE, UNITED STATES BANKRUPTCY JUDGE, AND OTHER PARTIES IN INTEREST:

Defendant Dorene Mae Bree,[1] individually and in her representative capacity ("Defendant") make the following Answer and Affirmative Defenses to the "Complaint" filed by Plaintiff Dynamic Finance Corporation ("Dynamic"):

---

[1] Defendant's correct name is Dorene Mae Bree.  Dynamic's Complaint erroneously listed Defendant's names as "Dorene N. Bree."

BN 1734182v3                                    1

DEFENDANT DORENE M. BREE'S ANSWER TO COMPLAINT

**JURISDICTION AND VENUE**

1. In response to Paragraph 1 of the Complaint, Defendant admits that on January 28, 2004, an involuntary petition under Chapter 11 of Title 11 of the United States Code was filed against North Plaza, LLC ("North Plaza"). Defendant is without knowledge as to whether North Plaza did not contest the involuntary bankruptcy petition, and on that basis denies this allegation. Defendant admits that on February 27, 2004, an order for relief was entered in North Plaza's bankruptcy case (Case No. 04-00769-PB) pending in the United States Bankruptcy Court for the Southern District of California (the "Court").

2. In response to Paragraph 2 of the Complaint, Defendant admits that this Court has jurisdiction over the matters alleged in the Complaint and the Cross-Complaint under and by virtue of 28 U.S.C. §§ 1334(b) and 157(a) and Federal Rule of Bankruptcy Procedure 7001.

3. In response to Paragraph 3 of the Complaint, Defendant admits that venue is proper in this Court under the provisions of 28 U.S.C. § 1409.

4. In response to Paragraph 4 of the Complaint, Defendant admits that the Complaint and the Cross-Complaint are core proceedings pursuant to 28 U.S.C. § 157(b)(2).

**PARTIES**

5. In response to Paragraph 5 of the Complaint, Defendant admits that the Plaintiff to the Complaint is Dynamic. As to the remainder of the allegations in Paragraph 5 to the Complaint, Defendant is without information about Dynamic's corporate formation and status and on that basis denies the remainder of the allegations in Paragraph 5 to the Complaint.

6. In response to Paragraph 6 of the Complaint, Defendant admits the averments in that paragraph.

7. In response to Paragraph 7 of the Complaint, Defendant admits the averments in that paragraph.

**FACTUAL ALLEGATIONS**

8. Defendant denies the averments contained in Paragraph 8 of the Complaint. Specifically, and without limiting such denial, Defendant disputes that Dynamic holds duly secured, perfected and unavoidable claims against North Plaza.

9. As to the averments contained in Paragraph 9 of the Complaint, Defendant is without knowledge of such averments and on that basis denies such averments.

10. As to the averments contained in Paragraph 10 of the Complaint, Defendant is without knowledge of such averments and on that basis denies such averments.

11. As to the averments contained in Paragraph 11 of the Complaint, Defendant is without knowledge of such averments and on that basis denies such averments.

12. As to the averments contained in Paragraph 12 of the Complaint, Defendant is without knowledge of such averments and on that basis denies such averments.

13. As to the averments contained in Paragraph 13 of the Complaint, Defendant is without knowledge of such averments and on that basis denies such averments.

14. As to the averments contained in Paragraph 14 of the Complaint, Defendant is without knowledge of such averments and on that basis denies such averments.

15. As to the averments contained in Paragraph 15 of the Complaint, Defendant is without knowledge of such averments and on that basis denies such averments.

16. As to the averments contained in Paragraph 16 of the Complaint, Defendant is without knowledge of such averments and on that basis denies such averments.

17. As to the averments contained in Paragraph 17 of the Complaint, Defendant is without knowledge of such averments and on that basis denies such averments.

18. As to the averments contained in Paragraph 18 of the Complaint, Defendant is without knowledge of such averments and on that basis denies such averments.

19. As to the averments contained in Paragraph 19 of the Complaint, Defendant is without knowledge of such averments and on that basis denies such averments.

20. As to the averments contained in Paragraph 20 of the Complaint, Defendant is without knowledge of such averments and on that basis denies such averments.

21. As to the averments contained in Paragraph 21 of the Complaint, Defendant is without knowledge of such averments and on that basis denies such averments.

22. As to the averments contained in Paragraph 22 of the Complaint, Defendant is without knowledge of such averments and on that basis denies such averments.

23. Defendant denies the averments contained in Paragraph 23 of the Complaint.

24. In response to Paragraph 24 of the Complaint, Defendant admits that it disputes the allowability and priority of any claim which Dynamic asserts against North Plaza and its bankruptcy estate.

25. In response to Paragraph 25 of the Complaint and the prayers for relief contained in paragraphs 1, 2 and 3 of the Complaint (page 7), Defendant states that these paragraphs contain legal conclusions as to which no answer is required, and denies the factual basis for the averments in these paragraphs.

## **AFFIRMATIVE DEFENSES**

As affirmative defenses to the Complaint, Defendant is informed and believes, and thereon alleges, the following affirmative defenses:

### **First Affirmative Defense**
### **(Failure to State a Claim)**

The Complaint fails to state a claim upon which relief can be granted.

### **Second Affirmative Defense**
### **(Failure to Mitigate Damages)**

The purported claim alleged in the Complaint is barred by Dynamic's failure to mitigate its damages, if any.

### **Third Affirmative Defense**
### **(Estoppel)**

Plaintiff is estopped to the purported claim alleged in the Complaint.

**Fourth Affirmative Defense**

**(Waiver)**

Plaintiff is barred from any and all of the claims alleged in the Complaint under the doctrine of waiver.

**Fifth Affirmative Defense**

**(Unclean Hands)**

Plaintiff is barred from any and all of the claims alleged in the Complaint under the doctrine of unclean hands.

**Sixth Affirmative Defense**

**(Laches)**

Plaintiff has delayed unreasonably in prosecuting its claims to the prejudice of Defendant and Plaintiff is thereby barred by laches from asserting any and all of the claims alleged in the Complaint.

**Seventh Affirmative Defense**

**(Unjust Enrichment)**

Plaintiff would be unjustly enriched if it were granted any relief under the Complaint and therefore is barred from asserting any and all of the claims alleged in the Complaint.

DATED: March 28, 2008

BUCHALTER NEMER
A Professional Corporation

By: /Is/ Jeffrey K. Garfinkle
    JEFFREY K. GARFINKLE
    Attorneys for Defendant DORENE M. BREE,
    individually and in her representative capacity

# **PROOF OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is at BUCHALTER NEMER, A Professional Corporation, 18400 Von Karman Avenue, Suite 800, Irvine, California 92612-0514.

On the date set forth below, I served the foregoing document described as:

**DEFENDANT DORENE M. BREE'S ANSWER TO COMPLAINT**

on all other parties and/or their attorney(s) of record to this action by placing a true copy thereof in a sealed envelope as follows:

Michael Gerard Fletcher
Frandzel Robins Bloom & Csato, L.C.
6500 Wilshire Blvd., 17th Floor
Los Angeles, CA 90048-4920
323-852-1000
Fax : 323-651-2577
Email: mfletcher@frandzel.com

Baker & McKenzie
12544 High Bluff Drive, Third Floor
San Diego, CA 92130-3051
(858) 523-6200
Fax : (858) 259-8290
Email: ali.m.m.mojdehi@bakernet.com

☒   **BY MAIL**   I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. The address(es) shown above is(are) the same as shown on the envelope. The envelope was placed for deposit in the United States Postal Service at Buchalter Nemer in Irvine, California on March 28, 2008. The envelope was sealed and placed for collection and mailing with first-class prepaid postage on this date following ordinary business practices.

☒   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on March 28, 2008, at Irvine, California.

|   Debby Bodkin   |   /Is/ Debby Bodkin   |
|---|---|
|   |   (Signature)   |

BN 1734182v3

6

DEFENDANT DORENE M. BREE'S ANSWER TO COMPLAINT