Michael Gerard Fletcher (State Bar No. 070849)
 mfletcher@frandzel.com
Tricia L. Legittino (State Bar No. 254311)
 tlegittino@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 Wilshire Boulevard
Seventeenth Floor
Los Angeles, California 90048-4920
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for Plaintiff and Counterdefendant
Dynamic Finance Corporation

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>NORTH PLAZA, LLC,<br><br>    Debtor. | CASE NO. 04-00769-PB11<br><br>Chapter 11<br><br>Adv. Case No. 08-90035-PB |
| DYNAMIC FINANCE CORPORATION, a California corporation,<br><br>    Plaintiff,<br><br>v.<br><br>RICHARD KIPPERMAN, in his capacity as Trustee for North Plaza LLC; DORENE N. BREE, individually and in her representative capacity,<br><br>    Defendants. | **NOTICE OF MOTION AND MOTION TO DISMISS TRUSTEE'S COUNTERCLAIMS PURSUANT TO BANKRUPTCY RULE 7012(b) AND FEDERAL RULE OF CIVIL PROCEDURE RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:  June 9, 2008<br>Time:  2:30 P.M.<br>Judge: The Honorable Peter Bowie<br>Dept: 4 |

TO: THE HONORABLE PETER BOWIE, UNITED STATES BANKRUPTCY JUDGE, OTHER PARTIES IN INTEREST AND CHAPTER 11 TRUSTEE:

PLEASE TAKE NOTICE that on June 9, 2008, at 2:30 p.m. in Department 4, Courtroom 328 of the above-referenced court located at 325 West F Street, San Diego, California, plaintiff and Counterdefendant Dynamic Finance Corporation ("Dynamic"), will move the Court for an order dismissing the Trustee's First though Ninth Counterclaims in the above-referenced adversary

1  proceeding as against Dynamic pursuant to Bankruptcy Code § 7012(b) and Federal Rule of Civil
2  Procedure Rule 12(b)(6). Each of these claims is barred by the applicable statute of limitations as
3  set forth in 11 U.S.C. §546(a), and thus fails to state a cause of action upon which relief can be
4  granted.  This Motion is based upon this Notice of Motion and Motion, the Memorandum of
5  Points and Authorities attached hereto, and upon such other and further oral and documentary
6  evidence as may be presented at or prior to the time of the hearing on this motion.

**PLEASE TAKE FURTHER NOTICE THAT LOCAL BANKRUPTCY RULE 9013-4 REQUIRES A FORMAL RESPONSE TO THIS MOTION AT LEAST FOURTEEN (14) DAYS BEFORE THE HEARING ON THIS MOTION.**

DATED: April 21, 2008          Respectfully submitted,

FRANDZEL ROBINS BLOOM & CSATO, L.C.
MICHAEL GERARD FLETCHER
TRICIA L. LEGITTINO


By:  /s/Michael Gerard Fletcher
     MICHAEL GERARD FLETCHER
     Attorneys for Counter-Defendant Dynamic Finance
     Corporation

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Dynamic is the Counterdefendant in the above-referenced adversary action to Counter-Plaintiff Richard M. Kipperman's ("Trustee") Counterclaims. The Trustee's First though Ninth Counterclaims are a day late and a dollar short, or more accurately well over 2 years late, as the last day to seek to avoid Dynamic's liens and advance these Counterclaims was February 27, 2006 (two years after the order for relief was entered --- February 27, 2004 as admitted by the Trustee, Counterclaim, ¶ 1, page 2, line 6). The Trustee's attempt to bring these Counterclaims against Dynamic, at this late juncture, is without merit, and moreover barred by the applicable statute of limitations set forth in Bankruptcy Code §546(a). Accordingly, each of these Counterclaims should be dismissed for failing to state a cause of action upon which relief can be granted in accordance with Bankruptcy Code §7012(b) and Federal Rule of Civil Procedure 12(b)(6).

## II.

## ARGUMENT

### THE APPLICABLE STATUTE OF LIMITATIONS PERIOD FOR THE TRUSTEE TO ADVANCE COUNTERCLAIMS HAS EXPIRED.

The Trustee predicates his First Though Ninth Counterclaims upon Fraudulent Transfer pursuant to §§544(b) and 548(a)(1) and (2) of the Bankruptcy Code (Counterclaims at ¶¶13 through 30). The applicable statute of limitations period with respect to these sections is set forth in 11 U.S.C. §546(a) which states in pertinent part:

> An action or proceeding under sections 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of-
>
> (1) The later of –
>
> (A) Two years after the entry of the order for relief; or
> (B) One year after the appointment or election of the first trustee under sections 702, 1104, 1163, 1202, or 1302 of this title **if**

Frandzel Robins Bloom & Csato, L.C.
6500 Wilshire Boulevard, 17th Floor
Los Angeles, California 90048-4920
(323) 852-1000

**such appointment or such election occurs before the expiration of the period specified in sub-paragraph (A)**; or

(2)    The time the case is closed or dismissed. [Emphasis added.]

Courts will generally find the language of a statute to be "conclusive of its meaning except in the most extraordinary circumstances." *In re Hanna* 72 F3d 114 (9th Cir. 1995). The plain wording of §546(a) makes clear that the applicable statute of limitations period begins to run from the date the order for relief was entered, and that all Fraudulent Conveyance claims must have been asserted within two years of that date.

Accordingly, these claims are wholly barred and should not be considered by this Court.

The Trustee will likely try to argue that under *Committee v. Commodity Credit (In re KF Dairies)*, 143 B.R. 734 (9th Cir. 1992) and *El Paso v. America West (In re America West)*, 217 F.3d 1161 (9th Cir. 2000) that the Trustee is entitled to maintain his Counterclaims 1-9. The Trustee's likely arguments in that regard are wrong.

First, Counterclaims 1-9 seek affirmative relief against Dynamic. Each seeks avoidance of a transfer to Dynamic or a lien claimed by Dynamic. *See*, *USA v. Shaltry (In re Home America)*, 232 F.3d 1046, 1051, fn. 7 (9th Cir. 2000) (noting, "… the general rule that statutory time-bars are inapplicable to **matters of defense, where no affirmative relief is sought**" distinguishing *Committee)*.

Second, no Ninth Circuit case has analyzed such a situation in the context of a Fraudulent Transfer claim under either section 548 or 544. Such claims by definition require affirmative relief. Their sole purpose is to unwind a transfer. Liens generally ride through bankruptcy unaffected. Avoidance of a pre-petition lien requires an affirmative act, one that is here time barred. While a deficiency claim may be subject to the foregoing rules, a fully secured claim is not. As noted in the analagous situation in *USA, supra*, where the Ninth Circuit applied the time bar of section 549 to bar a trustee's attempt to avoid a post-petition exercise of pre-trustee discretion, "Because this action cannot be characterized as one only for a tax refund when the refund claim itself is predicated upon the Trustee's affirmative exercise of her avoiding powers,

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

1 the statute of limitations of § 549(d) is applicable here." *USA v. Shaltry*, 232 F.3d, *supra*, at 1051.
2 Similarly here, affirmative relief would be required to attack a secured claim that is otherwise
3 invulnerable to attack at this point, because any such claim is time barred. Property is no longer
4 "recoverable," in the words of § 502(d) from Dynamic, without the time barred affirmative act of
5 avoidance of Dynamic's liens.

## II.

## CONCLUSION

Based upon the foregoing, Dynamic respectfully requests that this Motion be granted and that the Trustee's First through Ninth Counterclaims be dismissed.

DATED: April 21, 2008        Respectfully submitted,

FRANDZEL ROBINS BLOOM & CSATO, L.C.
MICHAEL GERARD FLETCHER
TRICIA L. LEGITTINO


By:    /s/Michael Gerard Fletcher
       MICHAEL GERARD FLETCHER
       Attorneys for Plaintiff and Counterdefendant
       Dynamic Finance Corporation

## PROOF OF SERVICE

I, the undersigned, declare and certify as follows:

I am over the age of eighteen years, not a party to the within action and employed in the County of Los Angeles, State of California. I am employed in the office of FRANDZEL ROBINS BLOOM & CSATO, L.C., members of the Bar of the above-entitled Court, and I made the service referred to below at their direction. My business address is 6500 Wilshire Boulevard, Seventeenth Floor, Los Angeles, California 90048-4920.

On April 21, 2008, I served true copy(ies) of the **NOTICE OF MOTION AND MOTION TO DISMISS TRUSTEE'S COUNTERCLAIMS PURSUANT TO BANKRUPTCY RULE 7012(B) AND FEDERAL RULE OF CIVIL PROCEDURE RULE 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**, the original(s) of which is(are) affixed hereto, to the party(ies) listed on the attached service list.

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such document(s) were placed in envelopes addressed to the person(s) served hereunder for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices.

☐ **BY FACSIMILE:** At approximately _____, I caused said document(s) to be transmitted by facsimile. The telephone number of the sending facsimile machine was (323) 651-2577. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

☐ **BY E-MAIL:** At approximately _____, I caused said document(s) to be transmitted by electronic mail. The name(s) and e-mail addresses of the person(s) served are set forth in the service list. The document was transmitted by electronic transmission and without error.

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court.

☐ **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder.

I certify under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on April 21, 2008, at Los Angeles, California.

/s/Tiffany Lok
TIFFANY LOK

522214.2    33360-036

1

MOTION TO DISMISS COMPLAINT PURSUANT TO BANKRUPTCY RULE 7012(b) AND FEDERAL RULE OF CIVIL PROCEDURE RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES

# SERVICE LIST

**BY CM/ECF NOTICE OF ELECTRONIC FILING**

- Jeffrey K. Garfinkle    jgarfinkle@buchalter.com

- Ali M.M. Mojdehi    ali.m.m.mojdehi@bakernet.com, janet.d.gertz@bakernet.com;joseph.r.dunn@bakernet.com;monica.j.clipper@bakernet.com;sdefile@bakernet.com

**VIA U.S. MAIL:**

Tiffany L. Carroll
Office of the U.S. Trustee
402 West Broadway, Suite 600
San Diego, CA 92101