**CSD 1001A** [11/15/04]

Name, Address, Telephone No. & I.D. No.

Ali M.M. Mojdehi, State Bar No. 123846
**COOLEY LLP**
4401 Eastgate Mall
San Diego, CA 92121-1909
Telephone: +1 858 550 6000
Facsimile: +1 858 550 6420
Attorneys for Richard M Kipperman, Chapter 11 Trustee

Order Entered on
May 7, 2013
by Clerk U.S. Bankruptcy Court
Southern District of California

### UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re
NORTH PLAZA, LLC,

                                                          Debtor.

BANKRUPTCY NO. 04-00769-PB11

Date of Hearing: April 8, 2013
Time of Hearing: 11:00 a.m.
Name of Judge: Hon. Peter W. Bowie

### ORDER ON
### TRUSTEE'S SETTLEMENT OF ADVERSARY PROCEEDING NO. 08-90035-PB

IT IS ORDERED THAT the relief sought as set forth on the continuation pages attached and numbered two (2) through <u>four (4)</u> with exhibits, if any, for a total of <u>40</u> pages, is granted. Motion/Application Docket Entry No. <u>1174</u>

//

//

//

//

//

//

DATED:

        May 7, 2013

Signature by the attorney constitutes a certification under
Fed. R. of Bankr. P. 9011 that the relief in the order is the
relief granted by the court.

Submitted by:

Cooley LLP
(Firm name)

By: /s/ Ali M.M. Mojdehi
    Attorney for ☒ Movant ☐ Respondent
    Richard M Kipperman, Chapter 11 Trustee

Judge, United States Bankruptcy Court

CSD 1001A


American LegalNet, Inc.
www.FormsWorkFlow.com

CSD 1001A [11/15/04] **(Page 2)**
ORDER ON SETTLEMENT APPROVAL
DEBTOR: NORTH PLAZA, LLC                                              CASE NO: 04-00769-PB11

WHEREAS, on December 19, 2012, Richard M Kipperman, the post-confirmation liquidating trustee ("Trustee") for the bankruptcy estate of North Plaza, LLC ("Estate") filed his Notice of Intended Action and Opportunity for Hearing ("Notice of Intended Action") seeking approval of the Settlement Agreement and Mutual Release, entered into on December 6, 2012, as subsequently amended (the "Settlement Agreement"), by and among the Trustee, the Estate and William P. Johnson; Patricia Johnson; Shining City, Inc.; Vail USA, LLC; Vail Lake Village & Resort, LLC; Vail Lake Rancho California, LLC; AUH2O, LLC; and Water Assurance of California, LLC (the "Settling Defendants"). [Docket No. 1174.]

On January 22, 2013, Clifford Douglas ("Douglas") filed an Objection to Motion for Approval of Settlement Agreement with William Johnson et al. and a Request and Notice of Hearing ("Douglas Objection"). [Docket Nos. 1179 and 1180.] On January 31, 2013, Peter Suprunuk and Dorothy Suprunuk (the "Suprunuks") filed a Joinder to the Douglas Objection. [Docket No. 1186.] No other objections to approval of the Settlement were filed by any creditors of the Estate.

On January 23, 2013, Angela Chen ("Chen") filed an Objection to Proposed Settlement and a Request and Notice of Hearing and supporting documents ("Chen Objection"). [Docket Nos. 1181, 1182, and 1185; Docket No. 1201 (filed February 19, 2013).] Additionally, on January 23, 2013, Cambridge Financial of California, LLC ("Cambridge") filed an Objection to Proposed Settlement between Trustee and William Johnson et al. and a Request and Notice of Hearing and supporting documents ("Cambridge Objection"). [Docket Nos. 1183 and 1184.]

On February 12, 2013, the Trustee filed his Notice of Resolution of Creditor Objections advising that the Douglas Objection was consensually resolved by way of an amendment to the Settlement Agreement. [Docket No. 1191.] On February 12, 2013, Douglas filed a Notice of Withdrawal of the Douglas Objection. [Docket No. 1192.] On February 20, 2013, the Suprunuks filed a Withdrawal of their Joinder to the Douglas Objection. [Docket No. 1207.]

On March 5, 2013, the Trustee filed his Combined Response to the Chen Objection and Cambridge Objection and supporting documents. [Docket Nos. 1219 through 1223.]

On March 18, 2013, Cambridge filed its Reply in Support of Objections to Trustee's Notice of Proposed Action ("Cambridge Reply"). [Docket No. 1236.] On March 19, 2013, Chen filed a Joinder to the Cambridge Reply. [Docket No. 1238.]

The Trustee's request for approval of the Settlement Agreement came on regularly for hearing on April 8, 2013, at 11:00 a.m., in Department 4 of the above-entitled Court. Among other things, Cambridge represented that it intended to make an offer to the Trustee to purchase the claims subject to the Settlement. The offer was to improve upon that made by Cambridge in connection with its objection which the Trustee, in an appropriate exercise of his business judgment, determined was less favorable than the Settlement. Hearing on approval of the Settlement was continued to April 22, 2013, at 4:30 p.m. Appearances at both hearings were as noted in the record.

On April 22, 2013, the Court entered a minute order conditionally approving the Settlement and allowing Cambridge until April 23, 2013 at 5:00 p.m. PDT to make an improved offer to the Trustee to purchase the claims subject to the Settlement. On April 23, 2013, Cambridge withdrew its purchase offer based, in part, on Cambridge's inability to obtain the agreement of third parties.

After having considered the parties' arguments and reviewed all of the papers submitted by the parties in support and in opposition, and based upon the entire record in the bankruptcy case, including without limitation, the record in adversary proceeding no. 08-90035-PB (the "Adversary Proceeding"), and pursuant to Federal Rule of Bankruptcy Procedure 9019, and for other good cause appearing,

**THE COURT FINDS AND CONCLUDES AS FOLLOWS:**

    A. Consideration of the Notice of Intended Action constitutes a "core proceeding" as defined in 28 U.S.C. § 157. This Court has jurisdiction over this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District;

    B. Notice of the Trustee's intent to settle the Adversary Proceeding under the Settlement Agreement was appropriate and adequate under the circumstances set forth herein and presented to the Court, and complies with the provisions of Federal Bankruptcy Rules 2002, 9014, and 9019 and Local Bankruptcy Rules 2002-2, 2002-4 and 9019-1 and any other applicable law. A copy of the Notice of Intended Action is attached as <u>Exhibit "A"</u> hereto;

    C. The relief granted herein is necessary and in the best interests of the Estate;

CSD 1001A

American LegalNet, Inc.
www.FormsWorkFlow.com

Signed by Judge Peter W. Bowie May 7, 2013

CSD 1001A [11/15/04](Page 2)
ORDER ON SETTLEMENT APPROVAL
DEBTOR: NORTH PLAZA, LLC                                          CASE NO: 04-00769-PB11

---

D. The terms and conditions of the Settlement, as set forth in the Settlement Agreement, have been negotiated by the Trustee, on one hand, and by the Settling Defendants, on the other hand, in good faith at arm's length. A copy of the Settlement Agreement is attached hereto as Exhibit "B";

E. The Settlement is an appropriate exercise of the Trustee's business judgment;

F. The Settlement is fair and equitable and in the best interests of the Estate, considering the record in this case and all other factors relevant to a full and fair assessment of the reasonableness and adequacy of the Settlement, including without limitation, (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. The Court has discretion to and should approve the Settlement recommended by the Trustee, as modified by this Order, where it appears, as it does in this case, that uncertainty, hazards and complexity of litigation, potential delay and waste of time, effort and expense might otherwise result and where there is support by the creditors of the Estate;

G. The Settlement is in accordance with and effectuates the subject matter of that certain Settlement Agreement and Mutual General Releases made and entered into as of October 30, 2010, by and among the Trustee, the Estate, Dynamic Finance Corporation ("Dynamic") and Chen (the "Dynamic/Chen Settlement"), and approved by this Court by Order entered April 1, 2011 [Docket No. 955];

H. Chen is not a creditor of the Estate. Pursuant to Section 3(e) of the Dynamic/Chen Settlement, Chen released, among other things, all claims against the Estate. Chen also is expressly prohibited from challenging, objecting to or attacking any interest claimed by the Trustee and/or the Estate with regard to certain of the Settling Defendants or their property under Section 3(g)(ii) of the Dynamic/Chen Settlement. Chen does not have standing to object to the Settlement;

I. Cambridge is not a creditor of the Estate. Cambridge identifies itself as the assignee of certain liens claimed by Dynamic. As Dynamic's asserted successor in interest, Cambridge is bound by the Dynamic/Chen Settlement. Pursuant to Section 3(c) of the Dynamic/Chen Settlement, Dynamic released, among other things, all claims against the Estate. Dynamic also is expressly prohibited from challenging, objecting to or attacking any interest claimed by the Trustee and/or the Estate with regard to certain of the Settling Defendants or their property under Section 3(g)(ii) of the Dynamic/Chen Settlement. Cambridge does not have standing to object to the Settlement;

J. Except as modified by this Order, each of the Settling Defendants shall be jointly and severally liable to the Estate for up to $1.5 million pursuant to the terms of the Settlement Agreement, and potentially an additional $1.5 million, as set forth in Paragraph 6 of the Settlement Agreement. Based upon the facts and circumstances, including the record in this case and in the Adversary Proceeding, all recoveries to the Estate under the Settlement are for the benefit of the Estate and are an appropriate recovery for the benefit of the Estate;

K. Each of the foregoing findings by the Court will be deemed a finding of fact if and to the full extent that it makes and contains factual findings and a conclusion of law if and to the full extent that it makes and contains legal conclusions. Therefore,

**IT IS HEREBY ORDERED:**

1. The Settlement as set forth under the Settlement Agreement is approved as modified by this Order.

2. Chen has asserted that Vail Lake Rancho California, LLC ("VLRC") cannot participate as a party to the Settlement by virtue of a preliminary injunction issued in the state court proceeding in Riverside Superior Court ("State Court"), entitled *Angela Chen v. Shining City, Inc., Vail Lake Rancho California, LLC and William P. Johnson,* Case No. RIC 1210424 (the "State Court Injunction"). Without reaching the merits of this contention, it is hereby ordered that VLRC not be included as a party to the Settlement unless and until the State Court Injunction is found not to apply to preclude VLRC from being party to the Settlement or is lifted or modified by the State Court or other court of competent jurisdiction.

3. Notwithstanding the foregoing paragraph 2, the liability of the remaining Settling Defendants pursuant to the Settlement Agreement shall not be reduced or altered, and the "Net Gain" as defined in the Settlement Agreement, shall be calculated to include the net receipts of VLRC, as otherwise set forth in Paragraph 2(a) of the

CSD 1001A


American LegalNet, Inc.
www.FormsWorkFlow.com

CSD 1001A [11/15/04] **(Page 2)**
ORDER ON SETTLEMENT APPROVAL
DEBTOR: NORTH PLAZA, LLC                                                    CASE NO: 04-00769-PB11

Settlement Agreement. Further, the Settling Defendants shall supply the information necessary regarding VLRC's receipts in conjunction with the required accounting, as set forth in Paragraph 5 of the Settlement Agreement, as amended by the Amendment to Settlement Agreement and Mutual Release dated February 1, 2013.

4. VLRC will use best efforts to seek any and all necessary or appropriate relief from the State Court or other court of competent jurisdiction in connection with satisfying the condition for VLRC to be a party to the Settlement.

5. The Trustee shall dismiss the Adversary Proceeding, with prejudice, as to all the Settling Defendants, except VLRC.

6. All objections to the entry of this Order, including, without limitation, the Chen Objection and the Cambridge Objection which are not properly before the Court, are hereby expressly overruled.

7. The Trustee, VLRC and the other Settling Defendants are directed to take all actions necessary to effectuate this Order and the Settlement Agreement.

8. Notwithstanding any provision of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure or the Local Rules, this Order shall be effective immediately upon its entry.

9. This Court has and will retain jurisdiction to enforce this Order according to its terms.

**END OF ORDER**

Approved by:


**PHILLIPS, HASKETT & INGWALSON**


By: ____/s/ Frederick C. Phillips_____
        Frederick C. Phillips
        Attorney for Settling Defendants



**HIGGS, FLETCHER & MACK LLP**


By: ____/s/ Paul J. Leeds_____
        Paul J. Leeds
        Attorney for Secured Creditor Clifford Douglas

CSD 1001A



American LegalNet, Inc.
www.FormsWorkFlow.com

Signed by Judge Peter W. Bowie May 7, 2013

# Exhibit A

CSD 2062 [08/01/11]

```
Court Telephone: (619) 557-5620
Court Hours: 9:00am-4:00pm, Monday-Friday
www.casb.uscourts.gov
```

Richard M Kipperman
Post-Confirmation Liquidating Trustee
P.O. Box 3010
La Mesa, CA 91944-3010
(619) 668-4500

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In Re

NORTH PLAZA, LLC,

|  |  |
|---|---|
|  | BANKRUPTCY NO. 04-00769-PB-11 |

Debtor.

## TRUSTEE'S NOTICE OF INTENDED ACTION AND OPPORTUNITY FOR HEARING

TO THE DEBTOR, ALL CREDITORS AND OTHER PARTIES IN INTEREST:

**YOU ARE HEREBY NOTIFIED** that the undersigned Trustee proposes to:

☑    Compromise or settle the following controversy [description of controversy to be settled and financial impact on estate as required by Local Bankruptcy Rule 9019]; or.

Richard M Kipperman, the Post-Confirmation Liquidating Trustee (the "Trustee") of North Plaza, LLC seeks Court approval the Settlement Agreement (the "Agreement"), entered into on Dec. 6, 2012, between the Trustee, and William P. Johnson, Patricia Johnson; Shining City, Inc.; Vail USA, LLC; Vail Lake Village & Resort, LLC; Vail Lake Rancho California, LLC; AUH2O, LLC; and Water Assurance Of California, LLC (the "Settling Defendants"). A copy of the Agreement is available upon request by contacting the Trustee.

Background: On Jan. 28, 2008, Dynamic Finance Corp. commenced Adversary Proceeding No. 08-90035-PB (the "Complaint") against, among others, the Trustee, in connection with this bankruptcy case, seeking, inter alia, a judicial declaration as to the amount and enforceability of its secured claims against the Debtor's estate. On Mar. 31, 2008, the Trustee answered the Complaint and asserted several affirmative defenses, as well as counterclaims against Dynamic (as amended, the "Counterclaims"). On July 1, 2008, the Trustee amended the Counterclaims. On Feb. 11, 2011, the Trustee further amended the Counterclaims and initiated a cross-action against, among others, the Settling Defendants, asserting various causes of action arising out of this bankruptcy case (the "Cross-Action"). The Agreement proposes to resolve, in exchange for the Settling Defendants' payment of the Settlement Consideration (see below), all claims against the Settling Defendants relating to this bankruptcy case, including the Cross-Action.

Financial impact: The financial impact on the post-confirmation estate (the "Estate") will depend upon the ultimate worth of assets held and income received by each of the Settling Defendants. The outcome could be very positive, as the Agreement provides for the Settling Defendants to remit 25% of all Net Gain (as defined in the Agreement), up to a maximum possible recovery of $1.5 million by the Estate. The expense to the Estate in connection with the realization of such recoveries should be insignificant. The Trustee's business judgment is that any effort to litigate the claims held by the Estate against the Settling Defendants would be extremely expensive, and any recovery would be fraught with risk. The Estate does not otherwise possess the financial resources that would be needed to litigate the claims that are settled pursuant to the Agreement. The Trustee respectfully submits that the settlement that is proposed under the Agreement is reasonable and also provides the opportunity for a substantial benefit to be realized by the Estate and its creditors. In general, should recoveries be obtained pursuant to the Agreement, the amounts received would be paid to satisfy (i) the remaining amount of Claims under Classes 2 through 4 of the Debtor's Plan; and, after that, (ii) the Subordinated Claim under Class 7.

IF YOU OBJECT TO THE PROPOSED ACTION:

1.    **YOU ARE REQUIRED** to obtain a hearing date and time from the appropriate Courtroom Deputy for the judge assigned to this bankruptcy case. Determine which deputy to call by looking at the Bankruptcy Case No. in the caption on Page 1 of this notice. If the case number is followed by the letter:

| | | | | | |
|---|---|---|---|---|---|
| - | MM | - | call (619) 557-7407 | - | DEPARTMENT ONE (Room 218) |
| - | LA | - | call (619) 557-6594 | - | DEPARTMENT TWO (Room 118) |
| - | LT | - | call (619) 557-6018 | - | DEPARTMENT THREE (Room 129) |
| - | PB | - | call (619) 557-5157 | - | DEPARTMENT FOUR (Room 328) |
| - | JM | - | call (619) 557-6019 | - | DEPARTMENT FIVE (Room 318) |

CSD 2062

Signed by Judge Peter W. Bowie May 7, 2013

CSD 2062 (Page 2) [08/01/11]

2.     **WITHIN TWENTY-EIGHT (28)[1] DAYS FROM THE DATE OF THIS NOTICE**, you are further required to serve a copy of your DECLARATION IN OPPOSITION and separate REQUEST AND NOTICE OF HEARING [Local Form CSD 1184[2]] upon the undersigned Trustee, together with any opposing papers.  A copy of these documents must also be served upon the United States Trustee at 402 W. Broadway, Suite 600, San Diego, CA 92101.  The opposing declaration shall be signed and verified in the manner prescribed by Federal Rule of Bankruptcy Procedure 9011, and the declaration shall:

         a.     identify the interest of the opposing party; and

         b.     state, with particularity, the factual and legal grounds for the opposition.

3.     **YOU MUST** file the original and one copy of the Declaration and Request and Notice of Hearing with proof of service with the Clerk of the U.S. Bankruptcy Court at 325 West "F" Street, San Diego, California 92101-6991, no later than the next business day following the date of service.

       IF YOU FAIL TO SERVE YOUR "DECLARATION IN OPPOSITION TO INTENDED ACTION" AND "REQUEST AND NOTICE OF HEARING" within the 28-day[1] period provided by this notice, NO HEARING SHALL TAKE PLACE, you shall lose your opportunity for hearing, and the Trustee may proceed to take the intended action.


Dated:  December 19, 2012                      /s/ Richard M Kipperman
                                               _____
                                               Post-Confirmation Liquidating Trustee
                                               Address:  P.O. Box 3010
                                                         La Mesa, CA 91944-3010

                                               Phone No.:  (619) 668-4500
                                               E-mail:  teresaj@corpmgt.com


_____

[1]If you were served electronically or by mail, you have three (3) additional days to take the above-stated actions as calculated by Fed. R. Bankr. P. 9006(f).

[2]You may obtain Local Form CSD 1184 from the office of the Clerk of the U.S. Bankruptcy Court.

CSD 2062

Signed by Judge Peter W. Bowie May 7, 2013

Court Telephone: (619) 557-5620
Court Hours: 9:00am-4:00pm, Monday-Friday
www.casb.uscourts.gov
Richard M Kipperman
Post-Confirmation Liquidating Trustee
P.O. Box 3010
La Mesa, CA 91944-3010
(619) 668-4500

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In Re

NORTH PLAZA, LLC,

BANKRUPTCY NO. 04-00769-PB-11

Debtor.

## TRUSTEE'S NOTICE OF INTENDED ACTION AND OPPORTUNITY FOR HEARING

TO THE DEBTOR, ALL CREDITORS AND OTHER PARTIES IN INTEREST:

**YOU ARE HEREBY NOTIFIED** that the undersigned Trustee proposes to:

☑ Compromise or settle the following controversy [description of controversy to be settled and financial impact on estate as required by Local Bankruptcy Rule 9019]; or

Richard M Kipperman, the Post-Confirmation Liquidating Trustee (the "Trustee") of North Plaza, LLC, seeks Court approval the Settlement Agreement (the "Agreement"), entered into on Dec. 6, 2012, between the Trustee, and William P. Johnson, Patricia Johnson; Shining City, Inc.; Vail USA, LLC; Vail Lake Village & Resort, LLC; Vail Lake Rancho California, LLC; AUH2O, LLC; and Water Assurance Of California, LLC (the "Settling Defendants"). A copy of the Agreement is available upon request by contacting the Trustee.

Background: On Jan. 28, 2008, Dynamic Finance Corp. commenced Adversary Proceeding No. 08-90035-PB (the "Complaint") against, among others, the Trustee, in connection with this bankruptcy case, seeking, inter alia, a judicial declaration as to the amount and enforceability of its secured claims against the Debtor's estate. On Mar. 31, 2008, the Trustee answered the Complaint and asserted several affirmative defenses, as well as counterclaims against Dynamic (as amended, the "Counterclaims"). On July 1, 2008, the Trustee amended the Counterclaims. On Feb. 11, 2011, the Trustee further amended the Counterclaims and initiated a cross-action against, among others, the Settling Defendants, asserting various causes of action arising out of this bankruptcy case (the "Cross-Action"). The Agreement proposes to resolve, in exchange for the Settling Defendants' payment of the Settlement Consideration (see below), all claims against the Settling Defendants relating to this bankruptcy case, including the Cross-Action.

Financial impact: The financial impact on the post-confirmation estate (the "Estate") will depend upon the ultimate worth of assets held and income received by each of the Settling Defendants. The outcome could be very positive, as the Agreement provides for the Settling Defendants to remit 25% of all Net Gain (as defined in the Agreement), up to a maximum possible recovery of $1.5 million by the Estate. The expense to the Estate in connection with the realization of such recoveries should be insignificant. The Trustee's business judgment is that any effort to litigate the claims held by the Estate against the Settling Defendants would be extremely expensive, and any recovery would be fraught with risk. The Estate does not otherwise possess the financial resources that would be needed to litigate the claims that are settled pursuant to the Agreement. The Trustee respectfully submits that the settlement that is proposed under the Agreement is reasonable and also provides the opportunity for a substantial benefit to be realized by the Estate and its creditors. In general, should recoveries be obtained pursuant to the Agreement, the amounts received would be paid to satisfy (i) the remaining amount of Claims under Classes 2 through 4 of the Debtor's Plan; and, after that, (ii) the Subordinated Claim under Class 7.

IF YOU OBJECT TO THE PROPOSED ACTION:

1. **YOU ARE REQUIRED** to obtain a hearing date and time from the appropriate Courtroom Deputy for the judge assigned to this bankruptcy case. Determine which deputy to call by looking at the Bankruptcy Case No. in the caption on Page 1 of this notice. If the case number is followed by the letter:

| | | | | |
|---|---|---|---|---|
| - | MM | - | call (619) 557-7407 | - | DEPARTMENT ONE (Room 218) |
| - | LA | - | call (619) 557-6594 | - | DEPARTMENT TWO (Room 118) |
| - | LT | - | call (619) 557-6018 | - | DEPARTMENT THREE (Room 129) |
| - | PB | - | call (619) 557-5157 | - | DEPARTMENT FOUR (Room 328) |
| - | JM | - | call (619) 557-6019 | - | DEPARTMENT FIVE (Room 318) |

2.    **WITHIN TWENTY-EIGHT (28)[1] DAYS FROM THE DATE OF THIS NOTICE,** you are further required to serve a copy of your DECLARATION IN OPPOSITION and separate REQUEST AND NOTICE OF HEARING [Local Form CSD 1184[2]] upon the undersigned Trustee, together with any opposing papers. A copy of these documents must also be served upon the United States Trustee at 402 W. Broadway, Suite 600, San Diego, CA 92101. The opposing declaration shall be signed and verified in the manner prescribed by Federal Rule of Bankruptcy Procedure 9011, and the declaration shall:

      a.    identify the interest of the opposing party; and

      b.    state, with particularity, the factual and legal grounds for the opposition.

3.    **YOU MUST** file the original and one copy of the Declaration and Request and Notice of Hearing with proof of service with the Clerk of the U.S. Bankruptcy Court at 325 West "F" Street, San Diego, California 92101-6991, no later than the next business day following the date of service.

IF YOU FAIL TO SERVE YOUR "DECLARATION IN OPPOSITION TO INTENDED ACTION" AND "REQUEST AND NOTICE OF HEARING" within the 28-day[1] period provided by this notice, NO HEARING SHALL TAKE PLACE, you shall lose your opportunity for hearing, and the Trustee may proceed to take the intended action.

Dated: December 19, 2012

/s/ Richard M Kipperman
_____
Post-Confirmation Liquidating Trustee
Address:  P.O. Box 3010
            La Mesa, CA 91944-3010

Phone No.:  (619) 668-4500
E-mail:  teresaj@corpmgt.com

---

[1] If you were served electronically or by mail, you have three (3) additional days to take the above-stated actions as calculated by Fed. R. Bankr. P. 9006(f).

[2] You may obtain Local Form CSD 1184 from the office of the Clerk of the U.S. Bankruptcy Court.

CSD 2062

United States Bankruptcy Court
Southern District of California

In re:
North Plaza, LLC
    Debtor

Case No. 04-00769-PB
Chapter 11

# CERTIFICATE OF NOTICE

District/off: 0974-3      User: accrosby      Page 1 of 4      Date Rcvd: Dec 19, 2012
                       Form ID: pdf905      Total Noticed: 72

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 21, 2012.

```
db         +North Plaza, LLC,   29400 Rancho California Rd.,   Temecula, CA 92591-5204
aty        +Edmund L. Regalia,   Miller Starr & Regalia,   1331 N. California Blvd. Fifth Floor,
            PO Box 8177,   Walnut Creek, CA 94596-8177
aty        +Linda F. Cantor,   Pachulski Stang Ziehl Young et.al.,   10100 Santa Monica Blvd., Ste. 1100,
            Los Angeles, CA 90067-4111
aty        +Martha A. Mansell,   Law Offices of Martha A. Mansell,   1522 So. Saltair Ave. Ste 302,
            Los Angeles, CA 90025-2694
aty        +Martha E. Romero,   Romero Law Firm,   6516 Bright Avenue,   Whittier, CA 90601-4503
aty        +Sonali S. Jandial,   Richards, Watson & Gershon,   355 South Grand Ave 40th Floor,
            Los Angeles, CA 90071-1560
aty        +Steven R. Orr,   355 S. Grand Ave, 40th Flr,   Los Angeles, CA 90071-1560
aty        +Tamara L. Manask,   Frandzel Robins Bloom & Csato, L.C.,   6500 Wilshire Blvd., 17th Floor,
            Los Angeles, CA 90048-4904
aty        +Thomas S. Arthur,   Frandzel Robins Bloom & Csato, L.C.,   6500 Wilshire Blvd., 17th Floor,
            Los Angeles, CA 90048-4904
cr         +Lei,   1800 S. Robertson Boulevard,   Bldg. 6 #138,   Los Angeles, CA 90035-4365
cr         +The Alcon Group,   1800 S. Robertson Boulevard,   Bldg. 6 #138,   Los Angeles, CA 90035-4365
8642860    +Angela C Sabella,   853 E. Valley Blvd Ste 200,   San Gabriel CA 91776-3600
8486202    +Angela Sabella,   853 E. Valley Blvd, Ste 200,   San Gabriel CA 91776-3600
11362442   +Baker & McKenzie LLP,   12544 High Bluff Dr., Third Flr,   San Diego CA 92130-3051
8486193    +Burkett & Wong,   3434 Fourth Ave.,   San Diego CA 92103-4941
8642861    +Burkett & Wong Engineers,   3434 Fourth Ave,   San Diego CA 92103-4941
8984777     Chief, Special Proced.,   IRS,   PO BOX c-13,   Laguna Niguel CA 92677-1300
8643113    +City of Temecula,   c/o Steven R Orr,   355 S Grand Ave., 40th Flr,   Los Angeles CA 90071-1560
8486195    +Clifford Douglas,   PO Box 2729,   Rancho Santa Fe CA 92067-2729
8514068    +Clifford Douglas, Trustee,   c/o Statewide Foreclosure Service,   3990 Old Town Ave #A201,
            San Diego CA 92110-2991
13204940   +Corporate Funding Financial Of America, Inc.,   450 B Street, Suite 840,
            San Diego CA 92101-8003
9168245    +Daniel P Sedor,   Jeffer Mangels et al LLP,   1900 Ave of the Stars 7th flr,
            Los Angeles CA 90067-4308
9168239    +Dean T Kirby Jr,   Jana Logan,   Kirby & McGuinn APC,   600 B st., Ste 1950,
            San Diego CA 92101-4515
8642880    +Dick Kennedy and Gorden L. Romberger,   Trustees of the Donna L. Reeves Trust,
            c/o 500 North Central Avenue, Suite 325,   Glendale, CA 91203-3902
8486196    +Dynamic Finance Corp.,   853 E. Valley Blvd, Ste 200,   San Gabriel CA 91776-3600
8642881    +Edmund L Regalia,   1331 N Calif. Blvd. 5th Flr,   PO Box 8177,   Walnut Creek CA 94596-8177
9168244    +Edward G Schloss,   3637 Motor Ave., Ste 220,   Los Angeles CA 90034-4884
8444333    +Edward G. Schloss Law Corp.,   11300 West Olympic Blvd. Ste 620,   Los Angeles CA 90064-1644
8633936    +F. Gregory Pyke,   Higgs, Fletcher et al,   401 West A St., #2600,   San Diego CA 92101-7913
8633937    +First American Title Insurance,   c/o Miller Starr et al,   Edmund L Regalia,
            1331 N Calif. Blvd. 5th Flr,   PO BOX 8177,   Walnut Creek CA 94596-8177
8994688     Franchise Tax Board,   Special Proced.,   PO BOX 2952,   Sacramento CA 95812-2952
8481814     Franchise Tax Board,   Special Procedures,   PO Box 2952,   Sacramento CA 95812-2952
9120135    +Frandzel Robins et al,   Attn--Michael Gerard Fletcher Esq,   6500 Wilshire Blvd, 17th Flr,
            Los Angeles CA 90048-4904
8638425    +Frederick C Phillips,   Phillips, Haskett et al,   701 B St., Ste 1190,   San Diego CA 92101-8108
8486200    +Frederick Phillips, Esq.,   550 West C Street, 19th Floor,   San Diego CA 92101-3569
9168242    +Gerald N Sims,   Pyle Sims et al,   401 B St., Ste 1500,   San Diego CA 92101-4238
8576074    +Gerald N. Sims, Esq.,   PYLE SIMS DUNCAN & STEVENSON,   401 B Street, Suite 1500,
            San Diego, CA 92101-4238
11363656   +Gregson M. Perry,   18345 Ventrua Blvd, Ste 507,   Tarzana CA 91356-4245
11363655   +Isaac Lei,   1740 S. Shenandoah Street,   Los Angeles CA 90035-4325
8984774    +JOHNSON & JOHNSON PROPERTIES,   29400 RANCHO CALIFORNIA ROAD,   TEMECULA, CA 92591-5204
8486191    +James Bree and Dorene Bree,   1754 Laguan Drive,   Vista CA 92084-3419
8638500    +James Bree and Dorene M. Bree,   c/o Martin T. McGuinn,   Kirby & McGuinn, A.P.C.,
            600 B Street, Suite 1950,   San Diego, CA 92101-4515
11537487   +Jeffrey K Garfinkle,   18400 Von Karman Ave #800,   Irvine CA 92612-0514
9124641    +John Hosack, Esq.,   Buchalter Nemer,   1000 Wilshire Blvd, 15th Floor,
            Los Angeles CA 90017-1730
8486198    +KIP, Inc.,   25740 Washington Ave.,   Murrieta CA 92562-7242
8984776     LAURA S. TAYLOR, ESQ,   SHEPPARD MULLIN RICHTER,   501 WEST BROADWAY, 19 FLR,
            SAN DIEGO, CA 92101-3598
8568445     Linda D Fox,   Sheppard Mullin et al,   501 West Broadway Nineteenth Floor,   San Diego CA 92101
8514393    +Martha A. Mansell, Esq.,   1522 So. Saltair Ave, Ste 302,   Los Angels CA 90025-2694
9168241    +Martha E Romero,   6516 Bright Ave,   Whittier CA 90601-4503
8507058    +Martha E. Romero,   Romero Law Firm,   7743 South Painter Ave, Ste E,   Whittier CA 90602-2453
8647090    +Martin T McGuinn,   600 B St., Ste 1950,   San Diego CA 92101-4515
8426706     Martin T. McGuinn/Jana Logan,   Kirby & McGuinn, APC,   600 B Street Ste 1950,
            San Diego CA 92101-4515
8647089    +Milford W Dahl Jr,   611 Anton Blvd, 14th Flr,   Costa Mesa CA 92626-7681
8442731    +Milford W. Dahl, Jr.,   Rutan & Tucker, LLP,   611 Anton Blvd. 14th Floor,
            Costa Mesa, CA 92626-7681
8495036    +Neil B. Katz, Esq,   Robillard & Katz,   2377 Crenshaw Blvd, Ste 310,   Torrance CA 90501-3358
```

Signed by Judge Peter W. Bowie May 7, 2013

```
8633706       Paul McDonnell,   Treasurer-Tax Collector,   PO BOX 12005,   Riverside CA 92502-2205
8486203      +Peter and Dorothy Suprunuk,   159 Sprinks Canyon,   Duarte CA 91008-1244
8486201       RBF Consulting,   27555 Ynez Road, Ste 400,   Temecula CA 92591-4679
8633941      +Robert E Chambers,   11439 Laurel Crest Dr,   Studio City CA 91604-3872
8486192       Roger Alford,CPA,   Hausmaninger Benoe, et al.,   19600 Fairchild ,Ste 320,
               Irvine CA 92612-2584
8641741      +Rutan & Tucker,   attn--Milford W Dahl Jr,   611 Anton Blvd., 14th Flr,
               Costa Mesa CA 92626-7681
8448830      +Sonali S. Jandial, Esq.,   Richards,Watson & Gershon,   355 South Grand Ave,40th Floor,
               Los Angeles CA 90071-1560
8633938      +South Temecula Gateway LLC,   c/o James Bree,   Cortez Development Co.,   1754 Laguna Dr,
               Vista CA 92084-3419
11442751     +Stacy Elledge Chiang,   CPA CIRA Director LECG LLC,   655 W Broadway Ste 1300,
               San Diego CA 92101-8490
8647088      +Stanley E Goldich Esq,   10100 Santa Monica Blvd, 11th flr,   Los Angeles CA 90067-4003
8647091      +Steven R Orr,   Richards, et al,   355 S. Grand Ave., 40th Flr,   Los Angeles CA 90071-1560
11363657     +Steven W. Kerekes,   5757 Wilshire Blvd, Ste 636,   Los Angeles CA 90036-5810
9168240      +Terry D Phillips,   Phillips et al,   701 B St., Ste 1190,   San Diego CA 92101-8108
8663518      +The Alcon Group,   1740 S. Shenandoah Street,   Los Angeles, CA 90035-4325
8984773      +UNITED STATES SECURITIES AND,   EXCHANGE COMMISSION,   5670 WILSHIRE BLVD., 11TH FLR,
               LOS ANGELES, CALIFORNIA 90036-5627
8984775      +WILLIAM JOHNSON,   JOHNSON & JOHNSON PROPERTIES,   29400 RANCHO CALIFORNIA ROAD,
               TEMECULA, CA 92591-5204

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
aty          +E-mail/Text: NEILKATZ@PACBELL.NET Dec 20 2012 10:11:54    Neil B. Katz,
               Collins, Robillard & Katz,   2377 Crenshaw Blvd., Suite 310,   Torrance, CA 90501-3358
                                                                              TOTAL: 1


              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr            Secured Creditors Angela C. Sabella and Dynamic Fi
cr            South Temecula Gateway, LLC,   c/o James Bree
aty*         +Milford W. Dahl, Jr.,   Rutan & Tucker, LLP,   611 Anton Blvd, 14th Floor,
               Costa Mesa, CA 92626-7681
aty*         +Raymond D. Scott,   Wheatley, Scott & Company,   1835 W. Orangewood Avenue,   Suite 255,
               Orange, CA 92868-2066
8633939*     +Clifford Douglas,   PO BOX 2729,   Rancho Santa Fe CA 92067-2729
8505627*     +Clifford Douglas,   PO BOX 2729,   Rancho Santa Fe CA 92067-2729
8642862*     +Dynamic Finance Corp,   853 E Valley Blvd Ste 200,   San Gabriel CA 91776-3600
9136236*      Franchise Tax Board,   Special Proced.,   PO BOX 2952,   Sacramento CA 95812-2952
8984772*     +NORTH PLAZA, LLC,   29400 RANCHO CALIFORNIA ROAD,   TEMECULA, CA 92591-5204
8486194     ##+Butsko Utility Design, Inc.,   17065 Via Del Campo, Ste 200,   San Diego CA 92127-1716
8486199     ##+Petra Geotechnical Inc.,   3185-A Airway Avenue,   Costa Mesa CA 92626-4601
8960797     ##+Philip J. Giacinti, Jr.,   Gerald P. Kennedy,   Procopio, Cory, Hargreaves & Savitch LLP,
               530 B Street, Suite 2100,   San Diego, California 92101-4496
9071385     ##+Raymond D. Scott,   Wheatley, Scott & Company,   1835 W. Orangewood Ave, Ste 255,
               Orange CA 92868-2066
9168243     ##+Scott A Smylie,   Smylie & Van Dusen,   550 W "C" St., Ste 1600,   San Diego CA 92101-3568
8695883     ##+Scott A. Smylie,   550 W. C Street Ste 1600,   San Diego, CA 92101-3568
9168246     ##+Stacy Elledge Chaing,   LECG LLC,   655 W Broadway Ste 1300,   San Diego CA 92101-8490
8486204     ##+Tom Tahara,   1101 Via Mil Cumbres,   Solana Beach CA 92075-1724
8486197     ##+William P. Johnson,   PO Box 1955,   Rancho Santa Fe CA 92067-1955
                                                                        TOTALS: 2, * 7, ## 9

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.
```

District/off: 0974-3          User: accrosby          Page 3 of 4          Date Rcvd: Dec 19, 2012
                             Form ID: pdf905          Total Noticed: 72

          ***** BYPASSED RECIPIENTS (continued) *****

I                                    I

              C          N

N        C        N        O        F              F   R                              N
                                              T

Signed by Judge Peter W. Bowie May 7, 2013

District/off: 0974-3          User: accrosby          Page 4 of 4          Date Rcvd: Dec 19, 2012
                             Form ID: pdf905          Total Noticed: 72

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 19, 2012 at the address(es) listed below:

          Ali M.M. Mojdehi    on behalf of 3rd Party Plaintiff Richard Kipperman amojdehi@cooley.com,
            jgertz@cooley.com,bbyun@cooley.com
          Bernard R. Given    on behalf of Creditor  Dynamic Finance Corporation & Angela C. Sabella
            bgiven@loeb.com,  mortiz@loeb.com
          Bob Benjy    on behalf of Plaintiffs  Dynamic Finance Corporation bbenjy@frandzel.com,
            efiling@frandzel.com,sking@frandzel.com
          Dan P. Sedor    on behalf of Creditor  South Temecula Gateway, LLC dsedor@jmbm.com
          Dean T. Kirby    on behalf of Creditor  South Temecula Gateway, LLC dkirby@kirbymac.com,
            jrlgg@kirbymac.com;rrobinson@kirbymac.com;hmares@kirbymac.com;fdrummond@kirbymac.com;twright@kirb
            ymac.com
          Edward G. Schloss    on behalf of Creditor  Dynamic egs2@ix.netcom.com
          Frederick C. Phillips    on behalf of Creditor Thomas Tahara fcp@philaw.com
          Gerald N. Sims    on behalf of Interested Party  JHCH Redlands Land Co. LLC, et al.
            jerrys@psdslaw.com,  bonniec@psdslaw.com
          Gerald P. Kennedy    on behalf of Creditor  First American Title Insurance Co.
            gerald.kennedy@procopio.com,  mathieu.blackston@procopio.com;susan.strong@procopio.com
          Jana Logan    on behalf of Creditor  South Temecula Gateway, LLC jlogan@kirbymac.com,
            twright@kirbymac.com;hmares@kirbymac.com
          Janet D. Gertz    on behalf of Trustee Richard Kipperman jgertz@cooley.com
          Jason E. Goldstein    on behalf of Creditor James Bree bkgroup@buchalter.com
          Jeffrey K. Garfinkle    on behalf of Defendant Dorene Bree jgarfinkle@buchalter.com,
            jmealey-hatch@buchalter.com;docket@buchalter.com
          John A. Graham    on behalf of Creditor  The Bree Family Trust jag@jmbm.com
          John L. Hosack    on behalf of Creditor  South Temecula Gateway, LLC jhosack@buchalter.com
          K. Todd Curry    on behalf of Creditor  Curry & Associates tcurry@currylegal.com
          Martin T. McGuinn    on behalf of Creditor Dorene Bree mmcguinn@kirbymac.com,
            jlogan@kirbymac.com;rjaggi@kirbymac.com
          Michael Gerard Fletcher    on behalf of Counter-Defendant  Dynamic Finance Corporation
            mfletcher@frandzel.com,  efiling@frandzel.com,shom@frandzel.com
          Paul J Leeds    on behalf of Creditor Clifford Douglas leedsp@higgslaw.com,  reisingc@higgslaw.com
          Philip J Giacinti    on behalf of Creditor  First American Title Insurance Co. pjg@procopio.com,
            caw@procopio.com;laj@procopio.com;maria.simental@procopio.com
          Richard M Kipperman    teresaj@corpmgt.com,  ca82@ecfcbis.com
          Richard M. Pachulski    on behalf of Creditor  Dynamic rpachulski@pszjlaw.com
          Scott A. Smylie    on behalf of Creditor Robert Chambers esqsas@aol.com
          Stacy Elledge Chiang    schiang@squarmilner.com,  mhernandez@squarmilner.com
          Stanley E. Goldich    on behalf of Creditor  Dynamic Finance Corp sgoldich@pszjlaw.com
          Steven W. Kerekes    on behalf of Creditor  Dynamic Finance Corp steve4505@sbcglobal.net
          Terry D. Phillips    on behalf of Petitioning Creditor  Phillips, Haskett & Ingwalson
            fcp@philaw.com
          Tiffany L. Carroll    on behalf of United States Trustee  United States Trustee
            tiffany.l.carroll@usdoj.gov,  ustp.REGION15@usdoj.gov;shannon.m.vencill@usdoj.gov
          Tricia L. Legittino    on behalf of Counter-Defendant  Dynamic Finance Corporation
            tlegittino@frandzel.com,  efiling@frandzel.com,kbeltran@frandzel.com
          United States Trustee    ustp.region15@usdoj.gov
                                                                                  TOTAL: 30

# Exhibit B

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "**Agreement**") is made and entered into by and among Richard M Kipperman, solely in his capacity as Chapter 11 Liquidating Trustee ("**Trustee**") of the estate of North Plaza, LLC ("**Debtor**") on the one hand, and William P. Johnson ("**Johnson**"), in his individual capacity and his wife Patricia Johnson ("**Ms. Johnson**" and together with Johnson, the "**Johnsons**"), Shining City, Inc., a Wyoming corporation with its principal place of business in San Diego, CA ("**Shining City**"); Vail USA, LLC, a California limited liability company with its principal place of business in San Diego, CA ("**VUSA**"); Vail Lake Village & Resort, LLC, a California limited liability company with its principal place of business in San Diego, CA ("**VLVR**"); Vail Lake Rancho California, LLC, a California limited liability company with its principal place of business in San Diego, CA ("**VLRC**"); AUH2O, LLC, a California limited liability company with its principal place of business in San Diego, CA ("**Goldwater**"); and Water Assurance Of Claifornia [sic], LLC, a California limited liability company with its principal place of business in San Diego, CA ("**Water Assurance**") on the other. Shining City, VUSA, VLVR, VLRC, Goldwater, and Water Assurance are referred to herein collectively as the "**Vail Entity Defendants.**" The Johnsons and the Vail Entity Defendants are referred to herein collectively as the "**Settling Defendants.**" The Trustee and the Settling Defendants may hereafter be referred to as the "**Parties**" and each individually as a "**Party.**" This Agreement is entered into by the Parties and is effective on December 6, 2012 (the "**Effective Date**"), unless the Agreement is not approved by the Bankruptcy Court (defined below).

## RECITALS

**WHEREAS**, on January 28, 2004 (the "**Petition Date**"), an involuntary petition for relief under Chapter 11 of the Bankruptcy Code was filed against the Debtor, and an order for relief was entered by the U.S. Bankruptcy Court for the Southern District of California (the "**Bankruptcy Court**") as to the Debtor on February 27, 2004 in Case No. 04-00769-PB11 (the "**Bankruptcy Case**").

**WHEREAS**, prior to the Petition Date, Johnson, as the managing member of the Debtor, entered into several loan transactions on behalf of the Debtor and the Vail Entity Defendants with, among others, Dynamic Finance Corporation ("**Dynamic**") and Dynamic's principal Angela C. Sabella ("**Sabella**"). In several of these transactions, the Johnsons personally guaranteed the loans (collectively, the "**Guaranties**").

1.

785681 v4/SD

WHEREAS, on June 6, 2006, Richard M Kipperman was appointed the chapter 11 trustee for the Debtor.

WHEREAS, on January 28, 2008, Dynamic filed a complaint (the "**Adversary Complaint**") and commenced an adversary proceeding (Adv. Proc. No. 08-90035-PB) (the "**Adversary Proceeding**") against, among others, the Trustee in connection with the Bankruptcy Case, seeking, *inter alia*, a judicial declaration as to the amount and enforceability of its secured claims against the Debtor's estate.

WHEREAS, on March 31, 2008, the Trustee answered the Adversary Complaint and asserted several affirmative defenses, as well as counterclaims for, *inter alia*, avoidance of fraudulent conveyance, equitable subordination and claim objection (as amended, the "**Counterclaims**").

WHEREAS, on July 1, 2008, the Trustee amended the Counterclaims.

WHEREAS, on January 5, 2009, the Bankruptcy Court stayed the Adversary Proceeding indefinitely while Dynamic and the Trustee attempted to mediate and settle their disputes.

WHEREAS, on December 30, 2010, the Trustee filed a motion in the Bankruptcy Court to approve the global settlement agreement reached by Dynamic, Sabella and the Trustee (the "**Dynamic/Sabella Settlement Agreement**").

WHEREAS, under the Dynamic/Sabella Settlement Agreement, Dynamic and Sabella assigned to the Trustee, for the benefit of the estate, all of their respective rights, title and interests to certain claims against the Debtor's estate, including the assignment of certain guaranties signed by one or both of the Johnsons and/or Shining City (the "**Guaranties**").

WHEREAS, on February 11, 2011, the Trustee further amended the Counterclaims and initiated a cross-action against, among others, the Settling Defendants, asserting various causes of action, including breach of fiduciary duty, fraud, violations of state corporate and securities laws, conversion, conspiracy and violation of the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1961 *et seq.*) (the "**Cross-Complaint**" and the "**Cross-Action**").

WHEREAS, on April 1, 2011, the Bankruptcy Court entered an order approving the Dynamic/Sabella Settlement Agreement (the "**Settlement Approval Order**").

WHEREAS, on May 15, 2012, the Trustee submitted a combined plan of liquidation and disclosure statement dated May 15, 2012 (the "**Plan**"). The Plan incorporated the Settlement Approval Order and explicitly reserved the Trustee's right to prosecute the claims assigned to

2.

785681 v4/SD

him by Dynamic and Sabella under the Dynamic/Sabella Settlement Agreement, as well as the Adversary Proceeding, post-confirmation.

**WHEREAS**, on August 30, 2012, the Bankruptcy Court entered findings of fact, conclusions of law and an Order approving and confirming the Plan (the "**Confirmation Order**").

**WHEREAS**, on September 17, 2012, the Confirmation Order became final and unappealable, and the Plan became effective.

**WHEREAS**, by and through this Agreement, the Parties wish to resolve all claims held among them against the other, arising out of or relating to the Bankruptcy Case, including without limitation the Adversary Proceeding, the Complaint, and the Counterclaims (the "**Dispute**").

<u>**AGREEMENT**</u>

**Now, Therefore,** In Consideration of the foregoing Recitals and the promises and mutual covenants and other good and valuable consideration set forth herein, the Parties agree as follows:

1.    Definitions

As used herein the following terms are defined as follows:

(a)    "Business Day" shall mean a weekday that is otherwise not a banking holiday observed in the State of California.

(b)    "Final Order" shall mean an order or judgment of the Bankruptcy Court: (i) which has not been reversed, stayed, modified or amended; (ii) as to which the time to or the right to appeal or seek reconsideration, review, rehearing, or certiorari has expired or been waived (without regard to whether the time to seek relief from a judgment under Bankruptcy Rule 9024 has expired); and (iii) as to which no appeal or petition for reconsideration, review, rehearing, or certiorari is pending.

2.    Payment

(a)    <u>Payment</u>. In consideration for the settlement, the Settling Defendants shall each be jointly and severally obligated to make payment to the Trustee, on behalf of the Debtor's estate, of 25% of all Net Gain (as defined below) received by any of the Settling Defendants, up

3.

to a maximum payment amount of one million five hundred thousand dollars and no cents ($1,500,000.00) (the "**Settlement Payment**"). Payments shall be made in six-month intervals in accordance with the amount of Net Gain earned by the Settling Defendants, in accordance with the following schedule:

| Payment Date | Net Gain Period Covered |
|---|---|
| August 1 of each calendar year during the Agreement Term | Net Gain earned January 1 – June 30 of such calendar year |
| February 1 of each calendar year during the Agreement Term | Net Gain earned July 1 – December 31 of the prior calendar year. |

"**Net Gain**" shall be the net receipts of cash and other interests received by any Settling Defendant during the Agreement Term: (i) from the sale of any property owned by a Settling Defendant on the Effective Date, after deducting secured loans (other than loans made by a Settling Defendant), reasonable costs of sale, property taxes, judgments, attorneys fees, trustee fees, and all other fees and costs as may be ordered by a court of competent jurisdiction to be paid out of such receipts, and (ii) receipts and distributions from the development, hypothecation or sale of property in which it holds an interest from the Effective Date; and (iii) the proceeds or income of any of the foregoing.

        **(b)**    The installments of the Settlement Payment shall be made to the Trustee by the Johnsons on or before the applicable Payment Date by wire transfer, to the following account: _____, or by certified check delivered to the following address:

Richard M Kipperman
Corporate Management, Inc.
P.O. Box 3010
La Mesa, CA 91944-3939

        **(c)**    Term.  The Agreement term shall begin on the Effective Date and shall terminate eight (8) years from the Effective Date.  The Settlement Payment, as contemplated by paragraph 2(a), shall be made in sixteen (16) installments, based on the relevant Net Gain earned during the relevant Net Gain Period).  The Settling Defendants' obligation to make payments pursuant to paragraph 2(a) shall terminate after the last semi-annual payment has been received or when the Trustee has received the amount of $1,500,000, whichever occurs first.  Stated

4.

another way, there shall be no penalty for full satisfaction of the Payment before the end of the eight-year term.

        **(d)**   <u>Settling Defendants Jointly and Severally Liable</u>.  Each of the Settling Defendants shall be jointly and severally liable for the performance of the obligations under this Agreement, including, without limitation, the obligation to make payment of the Settlement Payment.

        **(e)**   <u>Payment of Unrealized Gains</u>.  If payments made under paragraph 2(a) have not reached a total of $1,500,000 on the seventh anniversary of the Effective Date, but there are unrealized gains during the Agreement Term, then the Settling Defendants shall have a joint and several obligation to pay to the Trustee, an amount equal to 25% of all gains realized (if any) after the expiration of the Agreement Term, where the value of any Entity or its property's values had appreciated during the Agreement Term but the position was not closed until after the expiration of the Agreement Term, up to a maximum of $1,500,000, inclusive of payments made under paragraph 2(a).

        **(f)**   <u>Calculation of Unrealized Gains</u>.  The amount of unrealized gains (if any) will be the appraised value of each Entity and its assets on the eighth anniversary of the Effective Date minus secured loans (other than loans by any Settling Defendant) and estimated reasonable costs of sale, provided that such loans and costs are directly attributable to any Entity and/or asset. Johnson shall commission the necessary appraisals on or before the eighth anniversary of the Effective Date, with the costs of such appraisal being paid from, but credited towards, any payment made under this provision.

    **3.**    Adequate Assurances

    The Parties agree to adopt a system that will enable the Trustee and/or his successor or designee (1) to monitor and enforce compliance with paragraphs 2(a)-(f), above, and (2) to establish, and receive payment based on, the market value for any transaction covered by these sections which is not an open market, arms-length transaction.  Such system shall (i) include reporting by Johnson on a regular basis which is not less frequent than quarterly and (ii) entitle the Trustee or his successors to conduct audits at his discretion.  Johnson shall cooperate with such monitoring/compliance system.

    **4.**    Cooperation and Best Efforts

    The Parties agree to use best efforts to cooperate fully with each other and to take all actions and execute and deliver any and all further documents that may be reasonably necessary or desirable to effectuate the purposes of this Agreement.

5.

5.      Representations and Covenants

(a)      The Johnsons, and each of them, represent, warrant and covenant that, as of the Effective Date of this Agreement:

(i)      The Johnsons have previously furnished the Trustee a confidential personal financial statement ("**Personal Financial Statement**").      There are no material inaccuracies in said Personal Financial Statement either at the time of its making or as of the effective date of this Agreement.

(ii)      No material transfers of assets have been made, to the best of the Johnsons' knowledge, by any of the Settling Defendants to third parties in the last five (5) years, except as may be otherwise disclosed on the Personal Financial Statement or as disclosed in writing to the Trustee prior to the Trustee's execution of this Agreement.

(iii)      The Johnsons, and each of them, shall not take any action directly or indirectly that is intended to materially impair, impede or encumber any of the other Settling Defendants from their respective abilities to produce or receive income.

(b)      Each of the Parties represents, warrants and covenants that, as of the Effective Date of this Agreement:

(i)      The Parties hereby acknowledge that no other Party, nor any agent or attorney of any other Party, has made any promise, representation, or warranty whatsoever, express or implied, written or oral, not contained herein concerning the subject matter of this Agreement in order to induce the execution of this Agreement. Each of the Parties further acknowledges that they have not executed the Agreement in reliance on any promises, representations or warranties not contained within the Agreement.

(ii)      Each Party warrants and represents that there are no liens or claims of liens or assignments in law or equity or otherwise on or against any of the claims or causes of action released herein.

(iii)      The Parties expressly warrant and represent that they have not transferred or assigned to any person, corporation or other legal entity or any third party any claims, rights or causes of action against the other.

(iv)      The Parties represent and warrant that, except as may have been otherwise disclosed, they each have full authority and corporate authority to enter into this

6.

Agreement and have no contractual or governmental obligations inconsistent with their undertakings and grants in this Agreement.

(v)      The Parties hereby acknowledge that no other Party, nor any agent or attorney of any other Party, has made any promise, representation, or warranty whatsoever, express or implied, written or oral, not contained herein concerning the subject matter of this Agreement in order to induce the execution of this Agreement. Each of the Parties further acknowledges that they have not executed the Agreement in reliance on any promises, representations or warranties not contained within the Agreement.

6.      Enforcement of Claims

The Parties acknowledge and agree that, without limitation, any breach of Section 5 of this Agreement shall be a material breach of the Agreement.  The Settling Defendants further acknowledge and agree that upon any breach of Paragraph 5(a) the Trustee shall be entitled to further compensation in the amount of the lesser of: (a) the net market value of any undisclosed transfers of assets pursuant to Paragraph 5(a)(ii) plus the net market value by which the Johnsons have misrepresented their personal assets pursuant to Paragrpah 5(a)(i); or (b) $1,5000,000.

Upon any material breach of this Agreement, the Trustee shall provide notice to Johnson pursuant to Paragraph 19 hereof, after which Johnson shall have five (5) Business Days to respond in writing to the Trustee's concerns, and if the Trustee and Johnson cannot reach an agreement, they shall proceed to mediation before a mutually agreed-upon mediator, paid for equally, as between the Trustee, on the one had, and the Settling Defendants, on the other hand.

7.      Mutual Release

(a)      The Trustee and each of his Affiliates hereby forever generally and completely releases and discharges each of the Settling Defendants and each of their Affiliates, and each of the Settling Defendants and each of their Affiliates hereby forever generally and completely releases and discharges the Trustee and each of his Affiliates, from any and all claims, liabilities, obligations and demands of every kind and nature, in law, equity or otherwise, known and unknown, suspected and unsuspected, disclosed and undisclosed, and in particular of and from all claims and demands of every kind and nature, known and unknown, suspected and unsuspected, disclosed and undisclosed, that arose out of or are in any way related to the Dispute occurring prior to the Effective Date of this Agreement.  For the avoidance of doubt, the Parties' respective obligations under the Agreement are not released under this paragraph.

(b)      As soon as reasonably practicable after the entry of an order by the Bankruptcy Court approving this Agreement, the Trustee shall cause the Settling Defendants to

7.

785681 v4/SD

be dismissed with prejudice from the Adversary Proceeding.  Each Party shall bear its own fees and costs in connection with the Adversary Proceeding.

**8.**     Cal. Civil Code Section 1542 Waiver

The Parties acknowledge that they have read and understand (or have been fully advised by their respective attorney(s) of) the contents of Section 1542 of the Civil Code of the State of California, which provides as follows:

> **"Section 1542. (General Release- Claims Extinguished.)  A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."**

The Parties hereby expressly waive and relinquish all rights and benefits under that section and any law or legal principle of similar effect in any jurisdiction with respect to the release granted in this Agreement.

**9.**     Claims Not Released by Trustee

The Parties acknowledge and agree that the Agreement expressly does not release claims to enforce rights arising under this Agreement.

**10.**    No Admission of Liability

It is expressly understood and agreed among the Parties that this Agreement is made in compromise of disputed and controverted claims, and that nothing contained herein and no payment made pursuant to this Agreement shall constitute or be deemed to be an admission of any fault, liability or wrongdoing of any kind by either Party, or as an admission by either Party of the validity of any allegations, claims or contentions.

**11.**    Advice of/Consultation with Counsel/Joint Drafting

Each of the Parties has received or had the opportunity to obtain independent legal advice from an attorney of its choice with respect to this Agreement.  Each Party, by and through its respective attorneys, has participated in the preparation and drafting of this Agreement. As such, the Parties acknowledge that any doctrine of law that might operate to imply that any ambiguity in this Agreement shall be construed against any Party as profferer of the Agreement is not

8.

applicable to this Agreement. Accordingly, this Agreement shall be interpreted as if the Parties jointly and equally prepared each word, sentence and paragraph hereof.

**12.    Operative Agreement**

This Agreement supersedes and extinguishes all other agreements, negotiations, understandings and representations which may have been made or entered into by and among the Parties with respect to the subject matter of this Agreement and is intended by the Parties to represent the final expression of their agreement and to compromise the entire understanding of the Parties.

**13.    Binding on Successors and Assigns**

The Agreement is binding upon and shall inure to the benefit of each Party to this Agreement and their respective officers, directors, managers, members, investors, employees, counsel, agents, subsidiaries, parent corporations, affiliated companies, successors, assigns, agents, heirs, and personal representatives of each Party to this Agreement.

**14.    Integration Clause / Written Modification**

This Agreement, together with its Exhibits, contains the entire agreement among the Parties hereto and constitutes the complete, final and exclusive embodiment of their agreement and supersedes all prior agreements between the Parties with respect to the subject matter hereof. The terms of this Agreement are contractual and not a mere recital. This Agreement is entered into without reliance upon any promise, warranty or representation, written or oral, by any Party or any representative of any Party other than those expressly contained herein. Each Party has carefully read the Agreement, has been advised of its meaning and consequences by its respective attorney(s), and signs the same of his, her or its own free will. This Agreement may not be modified except in a writing signed by each Party. No waiver of any right hereunder shall be effective unless embodied in writing signed by the waiving Party.

**15.    Governing Law / Jurisdiction**

This Agreement shall be deemed to have been entered into and shall be construed and enforced in accordance with the laws of the State of California as applied to contracts made and to be performed entirely within the State of California and without giving effect to any choice or conflict of law provision or rule that would cause the application of the laws of any jurisdiction other than the State of California   All disputes arising out of or in connection with this Agreement shall be solely and exclusively resolved by the Bankruptcy Court, unless any of the Settling Parties is, at such time, the debtor in a bankruptcy case, under which circumstances, the

9.

bankruptcy court having jurisdiction over any Settling Party's bankruptcy case shall have jurisdiction over any dispute arising out of or in connection with this Agreement involving such Settling Party. Any dispute over the proper court to have jurisdiction over any such dispute shall be determined by the Bankruptcy Court.

16. **Attorneys' Fees and Costs**

In the event it is necessary for any party or its authorized representatives, successors or assigns to institute suit or other similar proceeding to compel performance of any obligations contained herein or for any material breach of the terms of this Agreement, the prevailing Party of such suit or proceeding shall be entitled to reimbursement for reasonable costs, expenses and attorneys' fees incurred by it in connection with such suit or proceeding.

17. **Specific Performance**

The Parties hereto agree that irreparable damage would occur in the event any provision of this Agreement was not performed in accordance with the terms hereof and that the Parties shall be entitled to specific performance of the terms hereof, in addition to any other remedy at law or equity, including the immediate ex parte issuance, without bond, of a temporary restraining order enjoining the breaching party from any such violation or threatened violation. Each Party hereby acknowledges and agrees that the non-breaching Party shall not be required to post bond as a condition to obtaining or exercising any such remedies, and each of the Parties hereby waives any such requirement or condition.

18. **Severance Clause**

Should any provision hereof, for any reason, be deemed or held invalid or unenforceable, in whole or in part, by a court of law, said determination shall not affect any other provision of this Agreement.

19. **Counterparts**

This Agreement may be executed in counterparts, each of which shall be deemed original, but such counterparts together shall constitute one and the same instrument. Facsimile signatures shall suffice as originals.

20. **Notices**

Any notice required or permitted to be made or given by a Party will be sufficiently made or given on the date of issuance if sent by such Party to the other Party by U.S. Mail, first class

10.

postage pre-paid, facsimile, commercial courier, personal delivery, or other similar reliable delivery method, addressed as set forth below, or to such other address as a Party shall designate by written notice to the other Party.

In the case of the Trustee:

> Richard M Kipperman, as Chapter 11 Trustee of North Plaza, LLC
> c/o Cooley LLP
> Attn: Ali M.M. Mojdehi, Esq.
> 4401 Eastgate Mall
> San Diego, CA 92121
> Facsimile: (858) 550-6420

In the case of the Settling Defendants:

> William P. Johnson
> c/o Phillips Haskett & Ingwalson, a Professional Corporation
> Attn: Frederick C. Phillips, Esq.
> 701 B St #1190
> San Diego, CA 92101
> Facsimile: (619) 233-1223

**21.**    Condition Subsequent Concerning Bankruptcy Court Approval

The Parties acknowledge and agree that this Agreement shall become void if it is not approved by the Bankruptcy Court.

**22.**    Paragraph Headings

The section and paragraph headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement.

REMAINDER OF PAGE INTENTIONALLY BLANK

11.

785681 v4/SD

Wherefore, the Parties execute this Agreement effective as of the date first written above.

RICHARD M KIPPERMAN, IN HIS CAPACITY AS
CHAPTER 11 LIQUIDATING TRUSTEE FOR THE
ESTATE OF NORTH PLAZA, LLC

By: _____

WILLIAM P. JOHNSON, IN HIS INDIVIDUAL
CAPACITY AND IN HIS CAPACITY AS OWNER
AND/OR MANAGER OF VARIOUS SETTLING
DEFENDANTS

_____

PATRICIA JOHNSON

_____

Shining City, Inc., a Wyoming corporation
("Shining City")

By: _____

Its:  Officer

Vail USA, LLC, a California limited liability
company ("VUSA")

By: _____

Its:  Manager

Vail Lake Village & Resort, LLC, a California
limited liability company ("VLVR")

By: _____

Its:  Manager

Vail Lake Rancho California, LLC, a
California limited liability company
("VLRC")

By: _____

Its:  Manager

12.

785681 v4/SD

AUH2O, LLC, a California limited liability company ("Goldwater")

By: _____

Its: ___Manager_____

Water Assurance Of Claifornia [sic], LLC, a California limited liability company ("Water Assurance")

By: _____

Its: ___Manager_____

APPROVED AS TO FORM

COOLEY LLP

By: _____
        Ali M.M. Mojdehi

Date: ___December 13, 2012___

APPROVED AS TO FORM

PHILLIPS HASKETT & INGWALSON, A PROFESSIONAL CORPORATION

By: _____
        Frederick C. Phillips

Date: _____

13.

785681 v4/SD

## AMENDMENT TO SETTLEMENT AGREEMENT AND MUTUAL RELEASE

That certain Settlement Agreement and Mutual Release (the "**Agreement**") made and entered into as of and effective December 6, 2012, by and among Richard M Kipperman, solely in his capacity as Chapter 11 Trustee ("**Trustee**") of the estate of North Plaza, LLC ("**Debtor**") on the one hand, and William P. Johnson ("**Johnson**"), in his individual capacity and his wife Patricia Johnson ("**Ms. Johnson**" and together with Johnson, the "**Johnsons**"), Shining City, Inc., a Wyoming corporation with its principal place of business in San Diego, CA ("**Shining City**"); Vail USA, LLC, a California limited liability company with its principal place of business in San Diego, CA ("**VUSA**"); Vail Lake Village & Resort, LLC, a California limited liability company with its principal place of business in San Diego, CA ("**VLVR**"); Vail Lake Rancho California, LLC, a California limited liability company with its principal place of business in San Diego, CA ("**VLRC**"); AUH2O, LLC, a California limited liability company with its principal place of business in San Diego, CA ("**Goldwater**"); and Water Assurance Of California, LLC, a California limited liability company with its principal place of business in San Diego, CA ("**Water Assurance**") on the other, is hereby amended (the" **Amendment**"), effective this 1st day of February, 2013, as follows:

### 1. The following paragraph shall be added at the end of paragraph 2(a):

Settling Defendants shall make a payment to Trustee no later than December 6, 2014, in an amount such that the total payments to Trustee pursuant to the Agreement and this Amendment shall been no less than $500,000 as of the date of such payment. If said payment is not made, the Trustee shall be entitled to have Judgment entered by the bankruptcy court on December 7, 2014 in the amount of $500,000, less the amount of all prior payments pursuant to the Agreement. Entry of such judgment will not terminate Defendants' other obligations under the Agreement or this Amendment, and the bankruptcy court shall retain jurisdiction to render additional judgments and orders consistent with the Parties' obligations under the Agreement and this Amendment.

### 2. Paragraph 2(c) shall be deleted and a new paragraph 2(c) shall be inserted to read as follows:

The Agreement shall begin on the Effective Date and shall terminate five (5) years for the effective date. The Settlement Payment, as contemplated by paragraph 2(a) shall be made in eleven (11) installments, including the payment described in the preceding paragraph, based on the relevant Net Gain earned during the relevant Net Gain Period. The Settling Defendants' obligation to make payments pursuant to paragraph 2(a) shall terminate after the last semi-annual payment has been received or when the Trustee has received the amount of $1,500,000, whichever occurs first. Stated another way, there shall be no penalty for full satisfaction before the end of the five-year term.

### 3. The word "seventh" on the second line of Paragraph 2(e) shall be deleted and replaced by the word "fifth".

### 4. The word "eighth" on the second and fifth lines of Paragraph 2(f) shall be deleted and replaced by the word "fifth",

### 5. The following sentence shall be added to the end of Paragraph 3:

In addition to the forgoing, Settling Defendants shall cause a report to be forwarded to Trustee (with copies to the attorneys for creditors Douglas, Suprunuk and Bree), prepared or authenticated by a certified public accountant, no later than March 31 of each year, supplying the information for the previous calendar year necessary to determine the payments owed for said period pursuant to the Agreement.

      6.    **A new paragraph 23 shall be added providing as follows:**

    The benefits and/or obligations of this Agreement shall not be assignable by any Party without the prior written consent of all other Parties.

    **7.** In all other respects the terms of the Agreement shall be and remain in full force and effect. This Amendment shall become void if it and the Agreement are not approved by the bankruptcy court.

**Wherefore,** the Parties execute this Amendment of Settlement Agreement and Mutual Release, effective as of the date first written above.


RICHARD M. KIPPERMAN, IN HIS CAPACITY
AS CHAPTER 11 TRUSTEE FOR THE ESTATE
OF NORTH PLAZA, LLC.

By: _____


WILLIAM P. JOHNSON, IN HIS INDIVIDUAL
CAPACITY AND IN HIS CAPACITY AS
OWNER OR MANAGER OF VARIOUS
ENTITIES LISTED ON EXHIBIT A

_____

PATRICIA JOHNSON

_____


SHINING CITY, INC., a Wyoming corporation
("Shining City")

By:_____

Its:_____


VAIL USA, LLC., a California limited liability
company ("VUSA")

By:_____

Its:_____


VAIL LAKE VILLAGE & RESORT, LLC., a
California limited liability company ("VLVR")

By:_____

Its:_____


VAIL LAKE RANCHO CALIFORNIA, LLC., a
California limited liability company ("VLRC")

By:_____

By:_____


AUH20, LLC, a California limited liability
Company ("Goldwater")


WATER ASSURANCE OF CLAIFORNIA [sic],
LLC., a California limited liability company

In addition to the forgoing, Settling Defendants shall cause a report to be forwarded to Trustee (with copies to the attorneys for creditors Douglas, Suprunuk and Bree), prepared or authenticated by a certified public accountant, no later than March 31 of each year, supplying the information for the previous calendar year necessary to determine the payments owed for said period pursuant to the Agreement.

6.      **A new paragraph 23 shall be added providing as follows:**

The benefits and/or obligations of this Agreement shall not be assignable by any Party without the prior written consent of all other Parties.

7. In all other respects the terms of the Agreement shall be and remain in full force and effect. This Amendment shall become void if it and the Agreement are not approved by the bankruptcy court.

**Wherefore,** the Parties execute this Amendment of Settlement Agreement and Mutual Release, effective as of the date first written above.

**RICHARD M. KIPPERMAN, IN HIS CAPACITY AS CHAPTER 11 TRUSTEE FOR THE ESTATE OF NORTH PLAZA, LLC.**

By:_____

**WILLIAM P. JOHNSON, IN HIS INDIVIDUAL CAPACITY AND IN HIS CAPACITY AS OWNER OR MANAGER OF VARIOUS ENTITIES LISTED ON EXHIBIT A**

_____

PATRICIA JOHNSON

_____

**SHINING CITY, INC., a Wyoming corporation ("Shining City")**

By:_____

Its:_____

**VAIL USA, LLC., a California limited liability company ("VUSA")**

By:_____

Its:_____

**VAIL LAKE VILLAGE & RESORT, LLC., a California limited liability company ("VLVR")**

By:_____

Its:_____

**VAIL LAKE RANCHO CALIFORNIA, LLC., a California limited liability company ("VLRC")**

By:_____

By:_____

**AUH20, LLC, a California limited liability Company ("Goldwater")**

**WATER ASSURANCE OF CLAIFORNIA [sic], LLC., a California limited liability company**

By: _____

Its: _____

("Water Assurance")

By: _____

Its: _____

APPROVED AS TO FORM

COOLEY, LLP.

By: _____
   Ali M.M. Mojdehi

APPROVED AS TO FORM

PHILLIPS, HASKETT & INGWALSON, a P.C.

By: _____
   Frederick C. Phillips

# FIRST AMENDMENT TO SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This First Amendment, effective December 6, 2012, amends that certain Settlement Agreement and Mutual Release (the **"Agreement"**) made and entered into as of and effective December 6, 2012, by and among Richard M Kipperman, solely in his capacity as Chapter 11 Trustee (**"Trustee"**) of the estate of North Plaza, LLC (**"Debtor"**) on the one hand, and William P. Johnson (**"Johnson"**), in his individual capacity and his wife Patricia Johnson (**"Ms. Johnson"** and together with Johnson, the **"Johnsons"**), Shining City, Inc., a Wyoming corporation with its principal place of business in San Diego, CA (**"Shining City"**); Vail USA, LLC, a California limited liability company with its principal place of business in San Diego, CA (**"VUSA"**); Vail Lake Village & Resort, LLC, a California limited liability company with its principal place of business in San Diego, CA (**"VLVR"**); Vail Lake Rancho California, LLC, a California limited liability company with its principal place of business in San Diego, CA (**"VLRC"**); AUH2O, LLC, a California limited liability company with its principal place of business in San Diego, CA (**"Goldwater"**); and Water Assurance Of California, LLC, a California limited liability company with its principal place of business in San Diego, CA (**"Water Assurance"**). The Agreement is hereby amended, to correct a formatting error, as follows:

 **To correct a formatting error, the signature pages affixed to the Agreement are replaced with the signature pages attached as the Exhibit 1 hereto.**

 **Wherefore,** the Parties execute this First Amendment of Settlement Agreement and Mutual Release, effective as of the date first written above.

RICHARD M. KIPPERMAN, IN HIS CAPACITY AS CHAPTER 11 TRUSTEE FOR THE ESTATE OF NORTH PLAZA, LLC

By: _____

WILLIAM P. JOHNSON, IN HIS INDIVIDUAL CAPACITY AND IN HIS CAPACITY AS OWNER OR MANAGER OF VARIOUS ENTITIES LISTED ON EXHIBIT A

_____

PATRICIA JOHNSON

_____

SHINING CITY, INC., a Wyoming corporation (**"Shining City"**)

By: _____

Its: _____

VAIL USA, LLC., a California limited liability company (**"VUSA"**)

By: _____

Its: _____

807345 v1/SD

# FIRST AMENDMENT TO SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This First Amendment, effective December 6, 2012, amends that certain Settlement Agreement and Mutual Release (the "**Agreement**") made and entered into as of and effective December 6, 2012, by and among Richard M Kipperman, solely in his capacity as Chapter 11 Trustee ("**Trustee**") of the estate of North Plaza, LLC ("**Debtor**") on the one hand, and William P. Johnson ("**Johnson**"), in his individual capacity and his wife Patricia Johnson ("**Ms. Johnson**" and together with Johnson, the "**Johnsons**"), Shining City, Inc., a Wyoming corporation with its principal place of business in San Diego, CA ("**Shining City**"); Vail USA, LLC, a California limited liability company with its principal place of business in San Diego, CA ("**VUSA**"); Vail Lake Village & Resort, LLC, a California limited liability company with its principal place of business in San Diego, CA ("**VLVR**"); Vail Lake Rancho California, LLC, a California limited liability company with its principal place of business in San Diego, CA ("**VLRC**"); AUH2O, LLC, a California limited liability company with its principal place of business in San Diego, CA ("**Goldwater**"); and Water Assurance Of California, LLC, a California limited liability company with its principal place of business in San Diego, CA ("**Water Assurance**"). The Agreement is hereby amended, as of its effective date, as follows:

> To correct a formatting error and for purposes of clarification, the signature pages affixed to the Agreement are replaced with the signature pages attached as the Exhibit 1 hereto.

Wherefore, the Parties execute this First Amendment of Settlement Agreement and Mutual Release, effective as of the date first written above.

RICHARD M. KIPPERMAN, IN HIS CAPACITY AS CHAPTER 11 TRUSTEE FOR THE ESTATE OF NORTH PLAZA, LLC.

By:_____

WILLIAM P. JOHNSON, IN HIS INDIVIDUAL CAPACITY AND IN HIS CAPACITY AS OWNER OR MANAGER OF VARIOUS ENTITIES LISTED ON EXHIBIT 1

_____

PATRICIA JOHNSON

_____

SHINING CITY, INC., a Wyoming corporation ("Shining City")

By:_____

Its:_____

VAIL USA, LLC, a California limited liability company ("VUSA")

By:_____

Its:_____

**VAIL LAKE VILLAGE & RESORT, LLC., a**
California limited liability company ("VLVR")

By: _____

Its: _____


**VAIL LAKE RANCHO CALIFORNIA, LLC., a**
California limited liability company ("VLRC")

By: Shining City, Inc.
Its Managing Member

By: _____
Its: President


**AUH20, LLC, a California limited liability**
Company ("Goldwater")

By: _____

Its: _____

APPROVED AS TO FORM

COOLEY, LLP.

By: _____
        Ali M.M. Mojdehi

Date: _____


**WATER ASSURANCE OF CLAIFORNIA [sic],**
LLC., a California limited liability company
("Water Assurance")

By: _____

Its: _____

APPROVED AS TO FORM

PHILLIPS, HASKETT & INGWALSON, a P.C.

By: _____
        Frederick C. Phillips

Date: _____

**Wherefore,** the Parties execute this Agreement effective as of the date first written above.

RICHARD M KIPPERMAN, IN HIS CAPACITY AS
CHAPTER 11 LIQUIDATING TRUSTEE FOR THE
ESTATE OF NORTH PLAZA, LLC

By: _____

WILLIAM P. JOHNSON, IN HIS INDIVIDUAL
CAPACITY AND IN HIS CAPACITY AS OWNER
AND/OR MANAGER OF VARIOUS SETTLING
DEFENDANTS

_____

PATRICIA JOHNSON

_____

Shining City, Inc., a Wyoming corporation
("**Shining City**")

By: _____

Its: _____

Vail USA, LLC, a California limited liability
company ("**VUSA**")

By: _____

Its: _____

Vail Lake Village & Resort, LLC, a California
limited liability company ("**VLVR**")

By: _____

Its: _____

Vail Lake Rancho California, LLC, a
California limited liability company
("**VLRC**")

By: Shining City, Inc.
Its: Managing Member
    By: _____
    Its: President

13.

AUH2O, LLC, a California limited liability company ("**Goldwater**")

By:_____

Its: _____

Water Assurance Of Claifornia [sic], LLC, a California limited liability company ("**Water Assurance**")

By:_____

Its: _____

APPROVED AS TO FORM

COOLEY LLP

By:_____
          Ali M.M. Mojdehi

Date:_____

APPROVED AS TO FORM

PHILLIPS HASKETT & INGWALSON, A PROFESSIONAL CORPORATION

By:_____
          Frederick C. Phillips

Date:_____

14.

**Wherefore,** the Parties execute this Agreement effective as of the date first written above.

RICHARD M KIPPERMAN, IN HIS CAPACITY AS CHAPTER 11 LIQUIDATING TRUSTEE FOR THE ESTATE OF NORTH PLAZA, LLC

By:_____

WILLIAM P. JOHNSON, IN HIS INDIVIDUAL CAPACITY AND IN HIS CAPACITY AS OWNER AND/OR MANAGER OF VARIOUS SETTLING DEFENDANTS

_____

PATRICIA JOHNSON

_____

Shining City, Inc., a Wyoming corporation ("**Shining City**")

By:_____

Its:_____

Vail USA, LLC, a California limited liability company ("**VUSA**")

By:_____

Its:_____

Vail Lake Village & Resort, LLC, a California limited liability company ("**VLVR**")

By:_____

Its:_____

Vail Lake Rancho California, LLC, a California limited liability company ("**VLRC**")

By: Shining City, Inc.
Its: Managing Member
   By:_____
   Its: President

13.

785681 v5/SD

AUH2O, LLC, a California limited liability
company ("**Goldwater**")

By:_____

Its:_____

Water Assurance Of Claifornia [sic], LLC, a
California limited liability company ("**Water
Assurance**")

By:_____

Its:_____


APPROVED AS TO FORM

COOLEY LLP


By:_____
           Ali M.M. Mojdehi

Date:_____

APPROVED AS TO FORM

PHILLIPS HASKETT & INGWALSON, A
PROFESSIONAL CORPORATION


By:_____
           Frederick C. Phillips

Date:_____


14.


785681 v5/SD

# Notice Recipients

District/Off: 0974–3        User: accrosby        Date Created: 5/7/2013
Case: 04–00769–PB11        Form ID: pdfO1        Total: 46

**Recipients submitted to the BNC (Bankruptcy Noticing Center) without an address:**
| | | |
|---|---|---|
| op | Co–Trustees of the Donna Reeves Trust | |
| cr | Secured Creditors Angela C. Sabella and Dynamic Finance Corporation, and Examinees Isaac Lei and The Alcon Group | |

TOTAL: 2

**Recipients of Notice of Electronic Filing:**
| | | |
|---|---|---|
| tr | Richard M Kipperman | teresaj@corpmgt.com |
| acc | Stacy Elledge Chiang | schiang@squarmilner.com |
| op | Stacy Elledge Chiang | schiang@squarmilner.com |
| aty | Ali M.M. Mojdehi | amojdehi@cooley.com |
| aty | Bernard R. Given, II | bgiven@loeb.com |
| aty | Dan P. Sedor | dsedor@jmbm.com |
| aty | Dean T. Kirby, Jr. | dkirby@kirbymac.com |
| aty | Edward G. Schloss | egs2@ix.netcom.com |
| aty | Frederick C. Phillips | fcp@philaw.com |
| aty | Gerald N. Sims | jerrys@psdslaw.com |
| aty | Gerald P. Kennedy | gerald.kennedy@procopio.com |
| aty | Gregory M. Salvato | gsalvato@salvatolawoffices.com |
| aty | Jana Logan | jlogan@kirbymac.com |
| aty | Janet D. Gertz | jgertz@cooley.com |
| aty | Jason E. Goldstein | jgoldstein@buchalter.com |
| aty | John A. Graham | jag@jmbm.com |
| aty | John L. Hosack | jhosack@buchalter.com |
| aty | K. Todd Curry | tcurry@currylegal.com |
| aty | Martin T. McGuinn | mmcguinn@kirbymac.com |
| aty | Paul J Leeds | leedsp@higgslaw.com |
| aty | Philip J Giacinti, Jr. | pjg@procopio.com |
| aty | Richard M. Pachulski | rpachulski@pszjlaw.com |
| aty | Scott A. Smylie | esqsas@aol.com |
| aty | Stanley E. Goldich | sgoldich@pszjlaw.com |
| aty | Steven W. Kerekes | steve4505@sbcglobal.net |
| aty | Terry D. Phillips | fcp@philaw.com |
| aty | Thomas C. Mundell | tmundell@mohlaw.net |

TOTAL: 27

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
| | | |
|---|---|---|
| db | North Plaza, LLC | 29400 Rancho California Rd.    Temecula, CA 92591 |
| ptcrd | Phillips, Haskett &Ingwalson | 701 B Street, Ste. 1190    San Diego, CA 92101–8108 |
| cr | South Temecula Gateway, LLC | c/o James Bree |
| cr | Lei | 1800 S. Robertson Boulevard    Bldg. 6 #138    Los Angeles, CA 90035 |
| cr | The Alcon Group | 1800 S. Robertson Boulevard    Bldg. 6 #138    Los Angeles, CA 90035 |
| op | Baker &McKenzie, LLP | 12544 High Bluff Drive    Third Floor |
| aty | Edmund L. Regalia | Miller Starr &Regalia    1331 N. California Blvd. Fifth Floor    PO Box 8177    Walnut Creek, CA 94596 |
| aty | Linda F. Cantor | Pachulski Stang Ziehl Young et.al.    10100 Santa Monica Blvd., Ste. 1100    Los Angeles, CA 90067 |
| aty | Martha A. Mansell | Law Offices of Martha A. Mansell    1522 So. Saltair Ave. Ste 302    Los Angeles, CA 90025 |
| aty | Martha E. Romero | Romero Law Firm    6516 Bright Avenue    Whittier, CA 90601 |
| aty | Milford W. Dahl, Jr. | Rutan &Tucker, LLP    611 Anton Blvd, 14th Floor    Costa Mesa, CA 92626–1931 |
| aty | Neil B. Katz | Collins, Robillard &Katz    2377 Crenshaw Blvd., Suite 310    Torrance, CA 90501–3325 |
| aty | Raymond D. Scott | Wheatley, Scott &Company    1835 W. Orangewood Avenue    Suite 255    Orange, CA 92868 |
| aty | Sonali S. Jandial | Richards, Watson &Gershon    355 South Grand Ave 40th Floor    Los Angeles, CA 90071–3101 |
| aty | Steven R. Orr | 355 S. Grand Ave, 40th Flr    Los Angeles, CA 90071–3101 |
| aty | Tamara L. Manask | Frandzel Robins Bloom &Csato, L.C.    6500 Wilshire Blvd., 17th Floor    Los Angeles, CA 90048–4920 |
| aty | Thomas S. Arthur | Frandzel Robins Bloom &Csato, L.C.    6500 Wilshire Blvd., 17th Floor    Los Angeles, CA 90048–4920 |

TOTAL: 17